## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| | ) | **Case No. 09-16576** |
| **OSCIENT PHARMACEUTICALS** | ) | |
| **CORPORATION, et al.** | ) | **(Jointly Administered)** |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Debtors** | ) | |

---

## APPLICATION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF OSCIENT PHARMACEUTICALS CORPORATION FOR ENTRY OF ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF MESIROW FINANCIAL CONSULTING LLC AS OF JULY 23, 2009 AS ITS FINANCIAL ADVISORS

The Official Committee of Unsecured Creditors of Oscient Pharmaceuticals Corporation (the "Committee") appointed in the Chapter 11 cases of Oscient Pharmaceuticals Corporation, *et al.*, debtors and debtors-in-possession herein (the "Debtors"), submits this application (the "Application") for entry of an order, pursuant to sections 328, 1103(a) and 1103(b) of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014.1(a) of the Local Bankruptcy Rules for the Eastern District of Massachusetts (the "Local Bankruptcy Rules"), authorizing the retention and employment of Mesirow Financial Consulting, LLC ("MFC"), as financial advisors to the Committee as of July 23, 2009. In support of this Application, the Committee relies upon the affidavit of Stephen B. Darr (the "Darr Affidavit"), which is attached hereto as Exhibit A and incorporated herein by reference, and respectfully represents as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b) (2). Venue of the Debtors' Chapter 11 cases and this Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     The statutory predicates for the relief sought herein are sections 328, 1103(a) and 1103(b) of the Bankruptcy Code, Bankruptcy Rules 2014(a), 2016 and 5002 and Local Bankruptcy Rule 2011.1.

## BACKGROUND

3.     On July 13, 2009, (the "Petition Date"), the Debtors filed with this Court voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

4.     On July 20, 2009 the Office of the United States Trustee appointed the following creditors as members of the Committee:

> Laura L. Moran - CHAIRPERSON
> Vice President
> U.S. Bank, NA Corporate Trust Services, as Indenture Trustee
> One Federal Street, 3d Floor
> Boston, MA 02110
>
> Motorlease Corp.
> 1506 New Britain Ave.
> Farmington, CT 06032
> Attn: David Fixler, Esq.
> Rubin & Rudman, LLP
> 50 Rowes Wharf
> Boston, MA 02110
>
> RxSolutions, Inc.
> 5995 Plaza Drive
> Cypress, CA 90630
> Attn: William Hawkins, Esq.
> Loeb & Loeb, LLC

345 Park Ave.
NY, NY 10154

5.    At a duly conducted meeting held on July 20, 2009 and thereafter, the Committee

interviewed several potential financial advisors and after due deliberation and a unanimous vote,

decided to retain MFC as its financial advisors in these Chapter 11 cases.

### RELIEF REQUESTED

6.    By this Application, the Committee requests authorization to retain and employ

MFC as its financial advisors in these Chapter 11 cases.  Specifically, the Committee respectfully

requests entry of an order pursuant to sections 328, 1103(a) and 1103(b) of the Bankruptcy Code

authorizing MFC to perform those financial advisory services that will be necessary during these

Chapter 11 cases as more fully described below.

### SERVICES TO BE RENDERED

7.    The Committee anticipates that MFC may render the following services in these

cases:

a.    Assistance in the review of reports or filings as required by the Bankruptcy Court
or the Office of the United States Trustee, including, but not limited to, schedules
of assets and liabilities, statements of financial affairs and monthly operating
reports;

b.    Review of the Debtors' financial information, including, but not limited to,
analyses of cash receipts and disbursements, financial statement items and
proposed transactions for which Bankruptcy Court approval is sought;

c.    Review and analysis of the reporting regarding cash collateral and any debtor-in-
possession financing arrangements and budgets;

d.    Evaluation of potential employee incentive and severance plans;

e.    Assistance with identifying and implementing potential cost containment
opportunities;

f.    Assistance with identifying and implementing asset redeployment opportunities;

g.   Analysis of assumption and rejection issues regarding executory contracts and leases;

h.   Review and analysis of the Debtors' proposed business plans and the business and financial condition of the Debtors generally;

i.   Assistance in evaluating reorganization strategy and alternatives available to the creditors;

j.   Review and critique of the Debtors' financial projections and assumptions;

k.   Preparation of enterprise, asset and liquidation valuations;

l.   Assistance in preparing documents necessary for confirmation;

m.   Advice and assistance to the Committee in negotiations and meetings with the Debtors and the bank lenders;

n.   Advice and assistance on the tax consequences of proposed plans of reorganization;

o.   Assistance with the claims resolution procedures, including, but not limited to, analyses of creditors' claims by type and entity;

p.   Litigation consulting services and expert witness testimony regarding confirmation issues, avoidance actions or other matters;

q.   Review and analysis of the Debtors' proposed sales of assets; and

r.   Other such functions as requested by the Committee or its counsel to assist the Committee in these Chapter 11 cases.

8.   Subject to this Court's approval of the Application, MFC is willing to serve as the Committee's financial advisors and to perform the services described above.

## QUALIFICATIONS OF PROFESSIONALS

9.   MFC is a firm offering financial advisory services to financially distressed and troubled companies.

10.   The Committee has selected MFC as its financial advisors because of the firm's diverse experience and extensive knowledge in the field of bankruptcy.

11.     The Committee needs assistance in collecting and analyzing financial and other information in relation to the Chapter 11 cases.   MFC has considerable experience with rendering such services to committees and other parties in numerous Chapter 11 cases.  As such, MFC is qualified to perform the work required in these cases.

## DISINTERESTEDNESS OF PROFESSIONALS

12.     Based upon information supplied by Committee counsel, MFC searched its records and certain records of Mesirow Financial[1] to identify any connection or relationship with the following entities:

a.      The Debtors and their affiliates;

b.      The Debtors' officers and directors;

c.      The equity shareholders known to own more than twenty percent (20%) of outstanding stock of the Debtors;

d.      The Debtors' major secured creditors;

e.      The Debtors' twenty (20) largest unsecured creditors;

f.      All members of the Committee;

g.      Counsel to the Committee; and

h.      Financial advisors and counsel to the Debtors and certain other parties-in-interest.

13.     The names provided to MFC by the Committee's counsel are set forth in Exhibit A of the Darr Affidavit and incorporated herein by reference.

---

[1]   MFC does not intend to suggest that Bankruptcy Rule 2014 requires that a professional seeking retention under the Bankruptcy Code must disclose any connections that an *affiliate* of the professional may have to the creditors or other parties-in-interest in the bankruptcy case.  Rather, out of an abundance of caution, MFC has searched certain portions of Mesirow Financial's database and made appropriate disclosures of relationships, with the exception of those relationships described in the section titled "Ethical Wall and Trading Wall Procedures."

14.    Based upon the database search described above, MFC does not represent any other entity having an adverse interest in connection with these cases, and does not hold or represent an interest adverse to the interests of the estates with respect to the matter on which MFC will be employed, in accordance with section 328(c) and 1103(b) of the Bankruptcy Code.

15.    MFC is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, given that, to the best of my information and belief, MFC:

a.    is not a creditor, an equity security holder, or an insider of the Debtors;

b.    is not and was not, within two years before the commencement of these Chapter 11 cases, a director, officer or employee of the Debtors; and

c.    does not have an interest materially adverse to the interests of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or for any other reason.

16.    To the best of my knowledge, except as set forth herein and in Exhibit B of the Darr Affidavit incorporated herein by reference and subject to the limitations discussed herein:

a.    MFC has no connections with the Debtors, creditors, and any other party-in-interest, or their respective attorneys and accountants; and

b.    the MFC professionals working on this matter are not relatives of the United States Trustee of the or of any known employee in the office thereof, or any United States Bankruptcy Judge of the Eastern District of Massachusetts.

17.    MFC, and in some cases Mesirow Financial, has in the past been retained by, and presently and likely in the future will provide services for, certain creditors of the Debtors, other parties-in-interest, and their respective attorneys and accountants in matters unrelated to such parties' claims against the Debtors or interests in these Chapter 11 cases.  MFC currently performs or has previously performed such services for the entities listed in Exhibit B.

18.    As part of its practice, MFC appears in many cases, proceedings, and transactions involving many different law firms, financial consultants, and investment bankers in matters unrelated to this bankruptcy. MFC has not identified any material relationships or connections with any law firm, financial consultant or investment banker involved in these Chapter 11 cases that would cause it to be adverse to the Debtors, the Debtors' estates, any creditor or any other party-in-interest, or that would otherwise affect MFC's judgment or ability to perform services for the Committee.

19.    MFC has not provided, and will not provide, any professional services to the Debtors, any of the individual creditors, other parties-in-interest, or their respective attorneys and accountants with regard to any matter related to these Chapter 11 cases.

## PROFESSIONAL COMPENSATION

20.    MFC's requested compensation for professional services rendered to the Committee will be based upon the hours actually expended by each assigned staff member at each staff member's hourly billing rate less 30%. The Committee has agreed to compensate MFC for professional services rendered at its normal and customary hourly rates.

21.    In the normal course of business, MFC revises its hourly rates on April 1 of each year. MFC requests that the rates listed below be revised to the hourly rates that are in effect at the time services are rendered. The current normal and customary hourly rates for financial advisory services to be rendered by MFC and applicable herein are as follows:

| Level | Hourly rates |
|---|---|
| Senior Managing Director, Managing Director and Director | $700-$750 |
| Senior Vice-President | $610-$670 |
| Vice President | $510-$570 |

| Senior Associate | $410-$470 |
|---|---|
| Associate | $220-$350 |
| Paraprofessional | $100-$195 |

22.     As noted above, MFC has agreed to apply a 30% discount to its fees as determined under the above rate structure for this engagement.

23.     MFC will also seek reimbursement for necessary expenses incurred, which shall include, but not be limited to, travel, photocopying, delivery service, postage, vendor charges and other out-of-pocket expenses incurred in providing professional services.

24.     MFC intends to apply to the Court for the allowance of compensation for professional services rendered and reimbursement of expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules. MFC has agreed to accept as compensation such sums as may be allowed by the Court. MFC understands that interim and final fee awards are subject to approval by this Court.

## NOTICE

25.     Notice of this Application has been given to (i) the Office of the United States Trustee for the Eastern District of Massachusetts, (ii) counsel for the Debtors, (iii) counsel for the Committee, and any other parties requesting notice. The Committee submits that, given the nature of the relief requested, no other or further notice of the relief requested is necessary.

26.     No previous request for the relief sought herein has been made to this or any other Court.

WHEREFORE, the Committee respectfully requests that the Court enter an Order, substantially in the form attached hereto, (i) granting this Application, (ii) authorizing the Committee to retain and employ MFC as its financial advisors as of July 23, 2009 to perform the services set forth herein, (iii) granting such other and further relief as is just and proper.

Dated:      August 4, 2009

Respectfully submitted,

OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF OSCIENT
PHARMACEUTICALS CORPORATION

By: *Laura L. Moran*
Laura L. Moran, Vice-President
U.S. Bank, N.A. Corporate Trust Services, as
Indenture Trustee
Chairperson of the Committee

9

# EXHIBIT A

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | **Chapter 11** |
| | ) | |
| | ) | **Case No. 09-16576** |
| **OSCIENT PHARMACEUTICALS** | ) | |
| **CORPORATION, et al.** | ) | **(Jointly Administered)** |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Debtors** | ) | |
| | ) | |

**AFFIDAVIT OF STEPHEN B. DARR IN SUPPORT OF THE APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF MESIROW FINANCIAL CONSULTING, LLC AS FINANCIAL ADVISORS TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF OSCIENT PHARMACEUTICALS CORPORATION AS OF JULY 23, 2009**

| | |
|---|---|
| State of Massachusetts | ) |
| | ) ss: |
| County of Suffolk | ) |

I, Stephen B. Darr, being duly sworn, depose and say:

1. I am a Senior Managing Director of Mesirow Financial Consulting, LLC ("MFC"), a professional services firm engaged in the business of providing financial advisory and related professional consulting services. MFC is a wholly-owned subsidiary of Mesirow Financial Holdings, Inc., a diversified financial services firm which also offers investment management services, insurance services, investment services, investment banking and real estate services (collectively "Mesirow Financial"). I submit

this affidavit on behalf of MFC in support of the application (the "Application")[1] of the

Official Committee of Unsecured Creditors of Oscient Pharmaceutical Corporation (the

"Committee") appointed in the Chapter 11 cases of Oscient Pharmaceutical Corporation

et al.[2], debtors and debtors-in-possession herein (collectively, the "Debtors"), for entry of

an order, pursuant to sections 328, 1103(a) and 1103(b) of the United States Bankruptcy

Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), Rules 2014(a) and

2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule

2014-1 of the Local Bankruptcy Rules for the Eastern District of Massachusetts (the

"Local Bankruptcy Rules"), authorizing the retention and employment of MFC as

financial advisors to the Committee as of July 23, 2009. I have personal knowledge of

the matters set forth herein, and if called as a witness, would testify competently thereto.[3]

## QUALIFICATIONS OF PROFESSIONALS

2.    MFC is a firm offering financial advisory services to financially distressed

and troubled companies.

3.    The Committee has selected MFC as its financial advisors because of the

firm's diverse experience and extensive knowledge in the field of bankruptcy.

4.    The Committee needs assistance in collecting and analyzing financial and

other information in relation to the Chapter 11 cases. The professionals of MFC have

considerable experience with rendering such services to committees and other parties in

---

[1]    Capitalized terms used herein but not otherwise defined shall have those meanings set forth in the
Application.

[2]    The "Debtors" are the following entities: Oscient Pharmaceuticals Corporation and Guardian II
Acquisition Corporation (collectively, the "Debtors").

[3]    Certain of the disclosures herein relate to matters within the knowledge of other professionals at MFC.

numerous Chapter 11 cases. As such, MFC is qualified to perform the work required in these cases.

## SERVICES TO BE RENDERED

5.      The Committee anticipates that MFC may render the following services in these cases:

a.      Assistance in the review of reports or filings as required by the Bankruptcy Court or the Office of the United States Trustee, including, but not limited to, schedules of assets and liabilities, statements of financial affairs and monthly operating reports;

b.      Review of the Debtors' financial information, including, but not limited to, analyses of cash receipts and disbursements, financial statement items and proposed transactions for which Bankruptcy Court approval is sought;

c.      Review and analysis of the reporting regarding cash collateral and any debtor-in-possession financing arrangements and budgets;

d.      Evaluation of potential employee incentive and severance plans;

e.      Assistance with identifying and implementing potential cost containment opportunities;

f.      Assistance with identifying and implementing asset redeployment opportunities;

g.      Analysis of assumption and rejection issues regarding executory contracts and leases;

h.      Review and analysis of the Debtors' proposed business plans and the business and financial condition of the Debtors generally;

i.      Assistance in evaluating reorganization strategy and alternatives available to the creditors;

j.      Review and critique of the Debtors' financial projections and assumptions;

k.      Preparation of enterprise, asset and liquidation valuations;

l.      Assistance in preparing documents necessary for confirmation;

m.      Advice and assistance to the Committee in negotiations and meetings with the Debtors and the bank lenders;

n.     Advice and assistance on the tax consequences of proposed plans of reorganization;

o.     Assistance with the claims resolution procedures, including, but not limited to, analyses of creditors' claims by type and entity;

p.     Litigation consulting services and expert witness testimony regarding confirmation issues, avoidance actions or other matters;

q.     Review and analysis of the Debtors' proposed sales of assets; and

r.     Other such functions as requested by the Committee or its counsel to assist the Committee in these Chapter 11 cases.

6.     Subject to this Court's approval of the Application, MFC is willing to serve as the Committee's financial advisors and to perform the services described above.

## DISINTERESTEDNESS OF PROFESSIONALS

7.     Based upon information supplied by Committee counsel, MFC searched its records and certain records of Mesirow Financial[4] to identify any connection or relationship with the following entities:

a.   The Debtors and their affiliates;

b.   The Debtors' officers and directors;

c.   The equity shareholders known to own more than twenty percent (20%) of outstanding stock of the Debtors;

d.   The Debtors' major secured creditors;

e.   The Debtors' twenty (20) largest unsecured creditors;

f.   All members of the Committee;

g.   Counsel to the Committee; and

---

[4]   MFC does not intend to suggest that Bankruptcy Rule 2014 requires that a professional seeking retention under the Bankruptcy Code must disclose any connections that an *affiliate* of the professional may have to the creditors or other parties-in-interest in the bankruptcy case. Rather, out of an abundance of caution, MFC has searched certain portions of Mesirow Financial's database and made appropriate disclosures of relationships, with the exception of those relationships described in the section titled "Ethical Wall and Trading Wall Procedures."

      h.  Financial advisors and counsel to the Debtors and certain other parties-in-interest.

The names provided to MFC by the Committee's counsel are set forth in Exhibit A attached hereto and incorporated herein by reference.

    8.    Based upon the database search described above, MFC does not represent any other entity having an adverse interest in connection with these cases, and does not hold or represent an interest adverse to the interests of the estates with respect to the matter on which MFC will be employed, in accordance with section 328(c) and 1103(b) of the Bankruptcy Code.

    9.    MFC is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, given that, to the best of my information and belief, MFC:

      a.    is not a creditor, an equity security holder, or an insider of the Debtors;

      b.    is not and was not, within two years before the commencement of these Chapter 11 cases, a director, officer or employee of the Debtors; and

      c.    does not have an interest materially adverse to the interests of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or for any other reason.

    10.    To the best of my knowledge, except as set forth herein and in Exhibit B attached hereto and incorporated herein by reference and subject to the limitations discussed herein, (a) MFC has no connections with the Debtors, creditors, and any other party-in-interest, or their respective attorneys and accountants; and (b) the MFC professionals working on this matter are not relatives of the United States Trustee of the or of any known employee in the office thereof, or any United States Bankruptcy Judge of the Eastern District of Massachusetts.

11.    MFC, and in some cases Mesirow Financial, has in the past been retained by, and presently and likely in the future will provide services for, certain creditors of the Debtors, other parties-in-interest, and their respective attorneys and accountants in matters unrelated to such parties' claims against the Debtors or interests in these Chapter 11 cases. MFC currently performs or has previously performed such services for the entities listed in Exhibit B.

12.    As part of its practice, MFC appears in many cases, proceedings, and transactions involving many different law firms, financial consultants, and investment bankers in matters unrelated to this bankruptcy. MFC has not identified any material relationships or connections with any law firm, financial consultant or investment banker involved in these Chapter 11 cases that would cause it to be adverse to the Debtors, the Debtors' estates, any creditor or any other party-in-interest, or that would otherwise affect MFC's judgment or ability to perform services for the Committee.

13.    MFC has not provided, and will not provide, any professional services to the Debtors, any of the individual creditors, other parties-in-interest, or their respective attorneys and accountants with regard to any matter related to these Chapter 11 cases.

## ETHICAL WALL AND TRADING WALL PROCEDURES

14.    Mesirow Financial has established an "Ethical Wall" between MFC and the other subsidiaries, divisions and units of Mesirow Financial. The Ethical Wall prohibits MFC from sharing confidential or non-public information concerning the Debtors and these cases with any other employees of Mesirow Financial. Likewise, the Ethical Wall prohibits any employees of Mesirow Financial from sharing confidential or

non-public information concerning the Debtors and these cases with any employee of
MFC.  Mesirow Financial and MFC have informed all employees of the Ethical Wall
procedures.

15.    In addition to the Ethical Wall, Mesirow Financial has also established a
"Trading Wall".  In the ordinary course of business, Mesirow Financial, Inc. ("MFI"),
Mesirow Financial's affiliated broker-dealer, may purchase or sell securities on a
principal or agency basis.  MFI also executes securities transactions on behalf of clients
of introducing broker-dealers or unaffiliated investment advisors.[5]  In the ordinary course
of business, Mesirow Financial's affiliated investment advisor subsidiaries, together with
MFI (collectively, the "Mesirow BD/IA Subsidiaries"), may purchase securities, sell
securities and/or provide investment advice to retail or institutional clients on a non-
discretionary or discretionary basis.  The securities transacted by the Mesirow BD/IA
Subsidiaries may include securities issued by the Debtors, creditors, stakeholders or other
parties-in-interest in these cases ("Related Securities").

16.    Mesirow Financial has implemented certain "Trading Wall" procedures to
ensure that information concerning transactions by the Mesirow BD/IA Subsidiaries in
Related Securities, as well as other securities transactions by the Mesirow BD/IA
Subsidiaries, will not be available to the employees of MFC.  These Trading Wall
procedures also permit the Mesirow BD/IA Subsidiaries to act in the best interest of their
clients and in accordance with securities laws.  The Mesirow BD/IA Subsidiaries are
operated as separate and distinct subsidiaries from MFC.  Mesirow Financial has

---

[5]    MFI provides clearing services for introducing broker-dealers as well as custodial and execution
services for unaffiliated investment advisors.  In connection with these services, all investment
decisions occur between the introducing broker-dealer and unaffiliated investment advisor and their
respective clients.

informed the employees of the Mesirow BD/IA Subsidiaries and MFC of the Trading Wall procedures.

## PROFESSIONAL COMPENSATION

17.     MFC's requested compensation for professional services rendered to the Committee will be based upon the hours actually expended by each assigned staff member at each staff member's hourly billing rate less 30%. The Committee has agreed to compensate MFC for professional services rendered at its normal and customary hourly rates.

18.     The rates included in this Affidavit are MFC's normal and customary rates for matters of this sort. In the normal course of business, MFC revises its hourly rates on April 1 of each year. MFC requests that the rates listed below be revised to the hourly rates that are in effect at the time the services are rendered. The current normal and customary hourly rates for the services to be rendered by MFC are as follows:

| Level | Hourly rates |
| --- | --- |
| Senior Managing Director, Managing Director and Director | $700-$750 |
| Senior Vice-President | $610-$670 |
| Vice President | $510-$570 |
| Senior Associate | $410-$470 |
| Associate | $220-$350 |
| Paraprofessional | $100-$195 |

19.     As noted above, MFC has agreed to apply a 30% discount to its fees as determined under the above rate structure for this engagement.

20.     I have read the provisions of MLBR 2016-1

21.    MFC will also seek reimbursement for necessary expenses incurred, which shall include, but not be limited to, travel, photocopying, delivery service, postage, vendor charges and other out-of-pocket expenses incurred in providing professional services.

22.    MFC intends to apply to the Court for the allowance of compensation for professional services rendered and reimbursement of expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.  MFC has agreed to accept as compensation such sums as may be allowed by the Court.  MFC understands that interim and final fee awards are subject to approval by this Court.

23.    In accordance with section 504 of the Bankruptcy Code, I hereby state that there is no agreement or understanding between MFC and any other entity for the sharing of compensation received or to be received for services rendered in connection with these cases.

24.    This affidavit is provided in accordance with section 328(c) and 1103(b) of the Bankruptcy Code and Bankruptcy Rule 2014.

25.   I have read the Application, and, to the best of my knowledge, information

and belief, the contents of said Application are true and correct.


Stephen B. Darr
Senior Managing Director
265 Franklin Street
Boston, Massachusetts 02110


Sworn to and subscribed before me this 4th
day of August, 2009

Notary Public

State of Massachusetts
County of Suffolk

-10-

## EXHIBIT A

This information is being provided in connection with the Affidavit of Stephen B. Darr in support of the Application for Order Authorizing the Retention and Employment of Mesirow Financial Consulting, LLC as Financial Advisors to the Official Committee of Unsecured Creditors. The following names were compared to MFC's client database and certain records in Mesirow Financial's client database to identify any connection or relationship:

### Debtors

  Oscient Pharmaceuticals Corp
  Guardian II Acquisition Corp

### Non-Debtor Subsidiaries

  Collaborative Genetics
  Collaborative Securities Corp
  Genesoft Pharmaceuticals

### Debtors' Professionals

K&L Gates LLP
Ropes & Gray LLP
Houlihan, Lokey, Howard & Zukin, Inc
Wilmer Cutler Pickering Hale & Dorr LLP
Broadpoint Gleacher Securities Group, Inc.
Garden City Group, Inc.

### UCC Professionals

Mintz Levin Cohn Ferris Glovsky & Popeo, P.C.

### Lenders

  Paul Capital Partners
  Paul Royalty Fund Holdings

### Banks

  Boston Trust and Investment Management
  Capital Advisors Group, Inc
  Citi Smith Barney

RBS Citizens, N.A.
JP Morgan

**Unsecured Creditors**

Abbott Laboratories
Aetna Health Management
Aetna Inc
Agency for Healthcare Administration
AIG
Akanthos Capital Management, LLC
American Express
Amerisourcebergen Drug Corporation
Anderson Packaging Inc
Archi Tech Systems Inc
Are San Francisco no 17 LLC
Argent Financial
Ashford Capital Management
Balyasny Asset Mgt
Barclays Global Investors
Bay Colony Corporate Center LLC
Bb Bio Ventures LP
BCCC Property, LLC
Blue Cross Blue Shield of Alabama
Bruce and Co
BSI SA
California Department of Health Services
Cardinal
Cardinal Health Inc
Caremark LLC
Caremarkpcs Health
Carmichael, James
Catalent Pharma Solutions
CDW
Citigroup
Comdata
Corporate Finance Group
Coventry Health Care Inc
Covington and Burling
Credit Agricole
Creighton University
Dellacamera Capital Management
Deloitte Financial Advisors
Dendrite Interactive Marketing LLC
Dendrite International, Inc
Dept of Medical Assist

Drug Place, Inc
Echo Torre Lazur Communon
Envision Pharmaceutical
Ethypharm SA
GLG Partners
Great West Healthcare
Health and Human Services
Health Net Pharmaceutical Services
Health Net, Inc
Health Products Research
Highbridge International
ICS
Illinois Department of Healthcare and Family Services
Integrated Commercialization Solutions
Integrated Pharma Tecnol
Jer Herring Orchard, LLC
JP Morgan Chase
Kinray, Inc
Klein, Joseph, III
Klingenstein, Paul
LG Life Sciences
LG Life Sciences, Inc
Lysander, LLC
Maverick Capital
Maverick Fund II
Maverick Fund LDC
Maverick Fund USA
Mckesson Corporation
Mckesson Drug Company
Mckesson Specialty Arizona
Medco Health Solutions
Medi Promotions
Medicaid
Memberhealth
MJ Research, Inc
MO Healthnet Division
Mohican Financial
Motorlease Corporation
Mountain Cove Tech Center
MPM Asset Management Investors
MPM Bioventures Parallel Fund
Navitus Health Solutions LLC
Orbimed Advisors, LLC
Original Impressions, Inc
Pacific Gas and Electric
Paul Royalty Fund Holdings II

Perceptive Advisors
Phoenix Marketing Solutions
Professional Life
Prosper Partners
Quattro Global Capital
Radcliffe Capital Management LP
Renaissance Technologies
RG Capital
Rutter, Cynthia, S
Rutter, William, H
RX America
RX Solutions Inc
Sanofi Aventis Spa
Singer, David
Source Healthcare Analytics
Stelliam Investment
Tenor Capital
Texas Health and Human Services Commission
UBS AG
United Health Group
Universal American Corp
US Bank
Vanguard Group
Virginia Department of Medical Associates
Visium Asset Management, LP
Walgreen Company
Walgreens Health Initiatives
Warburg, Richard
Westfield Strategic Consu
William J Rutter Revocable Trust
Zazove Associates, LLC

**Equity Shareholders**

Akanthos Capital
Orbimed Advisors
Paul Capital
Visium Capital Management

**Officers and Directors**

Berg, Aaron
Brown, Gregory, B
Colangelo, Domenic
Flamenbaum, Walter
Glickman, Mark

Hennessey, Robert, J
Kaul, Inder
Leone, John, R
Maitre, Philippe, M
Mattson, William, R, Jr
Mcguire, Diane
Pane, Joseph, A
Patou, Gary
Rauscher, Steven, M
Reardon, William, S
Riedel, Norbert, G
Spadafora, Robert
Stone, David, K
Taylor, Christopher, J, M
Voris, John, E
Watkins, Anthony

### **Significant Party to Litigations**

Lupin Limited

### **Insurers**

Chubb Custom Insurance
Cigna insurance
Ebs Capstone
Liberty Insurance Underwriters, Inc
Old Republic Insurance
St Paul Travelers Insurance Co

## EXHIBIT B

This information is being provided in connection with the Affidavit of Stephen B. Darr in support of the Application for Order Authorizing the Retention and Employment of Mesirow Financial Consulting, LLC as Financial Advisors to the Official Committee of Unsecured Creditors.   MFC or Mesirow Financial have or had business relationships with, currently render or have previously rendered services in matters unrelated to these Chapter 11 cases for the following entities:

AIG
RBS Citizens, N.A.
Great West Healthcare
JP Morgan Chase
Cigna Insurance
Aetna Health Management
K&L Gates LLP
Ropes & Gray LLP
Houlihan, Lokey, Howard & Zukin, Inc.
Wilmer Cutler Pickering Hale & Dorr LLP
Broadpoint Gleacher Securities Group, Inc.
Mintz Levin Cohn Ferris Glovsky & Popeo, P.C.