**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re                                     :     Chapter 11
                                          :
OSCIENT PHARMACEUTICALS        :     Case No. 09-16576 (HJB)
CORPORATION, *et al.*, [1]           :
                                          :     (Jointly Administered)
        Debtors.                    :
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MOTION OF THE DEBTORS TO SUBSTITUTE A CORRECTED
SCHEDULE A TO THE ORDER (I) APPROVING AND AUTHORIZING SALE OF
ANTARA AND RELATED ASSETS FREE AND CLEAR OF ANY AND ALL LIENS,
CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING
THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY
CONTRACTS; AND (III) GRANTING RELATED RELIEF [DOCKET NO. 380]**

Guardian II Acquisition Corporation ("Guardian") and Oscient Pharmaceuticals Corporation (collectively, the "Debtors") hereby submit this motion (the "Motion") to substitute a corrected Schedule A to the Order (I) Approving and Authorizing Sale of Antara and Related Assets Free and Clear of Any and All Liens, Claims, Encumbrances, and Other Interests; (II) Approving the Assumption and Assignment of Certain Executory Contracts; and (III) Granting Related Relief [Docket No. 380] (the "Sale Order"), entered by the Court on September 22, 2009. In support of this Motion, the Debtors respectfully represent and set forth as follows:

**Jurisdiction and Venue**

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicate for the relief requested

---

[1] The Debtors in these cases are Oscient Pharmaceuticals Corporation (Case No. 09-16576) and Guardian II Acquisition Corporation (Case No. 09-16579).

herein is Section 105 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "<u>Bankruptcy Code</u>").

**<u>Background</u>**

2. On August 7, 2009, the Debtors filed a motion with this Court, pursuant to Sections 363 and 365 of title 11 of the Bankruptcy Code, for an order authorizing, but not directing, the Debtors to, among other things, (i) sell substantially all assets (the "<u>Purchased Assets</u>") related to the pharmaceutical product ANTARA® (micronized fenofibrate) tablets ("<u>ANTARA</u>") through an auction to the bidder with the highest and best offer, free and clear of liens, claims, encumbrances, and other interests, and (ii) assume and assign certain executory contracts.

3. On September 21, 2009, this Court held an auction and hearing (the "<u>Sale Hearing</u>") for the sale of the Purchased Assets. At the Sale Hearing, this Court determined that Lupin Limited (the "<u>Buyer</u>") had submitted the highest and best offer for the Purchased Assets.

4. After the Sale Hearing, the Debtors circulated the proposed form of order to all interested parties, including the Buyer. All interested parties agreed to the form of order, which was subsequently presented to this Court for its approval.

5. On September 22, 2009, this Court entered the Sale Order, which approved, among other things, the (i) Asset Purchase Agreement proposed by the Buyer, as modified on the record at the Sale Hearing (the "<u>Asset Purchase Agreement</u>"); (ii) sale of the Purchased Assets; and (iii) assumption and assignment of the Ethypharm Contract (as defined in the Asset Purchase Agreement) and certain other contracts set forth in <u>Schedule A</u> to the Sale Order (collectively, the "<u>Closing Date Assigned Contracts</u>").

6. After the entry of the Sale Order, the Buyer informed the Debtors that Schedule A to the Sale Order should be clarified because, in its present form, it is inconsistent with the Asset Purchase Agreement. In particular, the Buyer informed the Debtors that Schedule A to the Sale Order indicates that all of the listed contracts are being assumed by the Debtors and assigned to the Buyer. Section 1.1.3 of the Asset Purchase Agreement, however, provides that the only Schedule 1.1.3 contracts that are being assumed and assigned (other than the Ethypharm Contract) are those that the Buyer designates for assumption and assignment by providing written notice to the Debtors.

7. The Buyer has requested that the Debtors seek entry of an order to correct the Sale Order by substituting a corrected Schedule A to the Sale Order that does not include the contracts identified in the table below that were listed in the original Schedule A to the Sale Order (the "Removed Contracts"). The Cure Amounts (as defined in the Sale Order) for the Removed Contracts exceed $600,000.

| Counterparty | Title | Date |
|---|---|---|
| Brand Engineers, LLC | Services Agreement | 10/11/06 |
| Cardinal Health PTS Inc. (including any successor to Cardinal Health PTS Inc.) | Packaging Agreement | 10/30/02 (amended 5/12/05) |
| Catalina Health Resource, LLC | Master Service Agreement | 2/13/09 |
| Healthcare Logistics, LLC d/b/a Pharmagistics | Commercial Outsourcing Services Agreement | 6/24/04 (amended 8/21/06, 5/1/07) |
| Integrated Commercialization Solutions, Inc. | Commercial Outsourcing Services Agreement | 6/24/04 (amended 8/21/06, 5/1/07) |
| McKesson Specialty Arizona Inc. | Service Agreement | 3/28/07 |

8. The Debtors have consulted with counsel to the Creditors' Committee and counsel to Paul Royalty Fund Holdings II ("Paul Royalty") and have been informed that the Creditors' Committee and Paul Royalty consent to the relief requested herein.

**Relief Requested**

9. By this Motion, the Debtors respectfully request entry of an order authorizing the substitution of a corrected Schedule A to the Sale Order that does not include the Removed Contracts.

**Basis for Relief**

10. Section 105(a) of the Bankruptcy Code empowers the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). In addition, this Court retained jurisdiction over the parties to the Asset Purchase Agreement and Closing Date Assigned Contracts with respect to any matters related to or arising under the Sale Order. (Sale Order ¶ 29).

11. The relief requested herein will conform Schedule A to the Sale Order with Section 1.1.3 of the Asset Purchase Agreement. The Sale Order provides that "[t]he assumption and immediate assignment of the Closing Date Assigned Contracts to Buyer is subject to all the provisions of the Asset Purchase Agreement." (Sale Order ¶ I). Under Section 1.1.3 to the Asset Purchase Agreement, the Buyer was entitled to designate the executory contracts (other than the Ethypharm Contract) that it wished to have assumed and assigned by providing written notice to the Debtors prior to the Sale Hearing. The Buyer asserts that no written designation of the Removed Contracts for assumption and assignment was made prior to the Sale Hearing.

12. The Debtors submit that the non-debtor parties to the Removed Contracts will not be prejudiced by the correction to Schedule A to the Sale Order, because the Buyer had the discretion, prior to the Sale Hearing, to designate the executory contracts to be assumed and assigned by the Debtors.

13. The closing of the Asset Purchase Agreement with the Buyer is in the interests of the Debtors' estates and creditors. The Buyer has requested, in connection with the closing

today, that the Debtors seek the relief requested herein. Accordingly, based on the foregoing, the Debtors submit that the relief requested herein is necessary and appropriate, is in the best interests of their estates and creditors, and should be granted in all respects.

## Notice

14. No trustee or examiner has been appointed in the Debtors' chapter 11 cases. Notice of the Motion has been given by email or first class mail to the following parties: (a) the Office of the United States Trustee for the District of Massachusetts; (b) counsel to Paul Royalty; (c) counsel to the Indenture Trustees for Oscient's 12.50% Convertible Guaranteed Senior Notes Due 2011; (d) counsel to the Creditors' Committee; and (e) non-debtor parties to the Removed Contracts. The Debtors submit that no other or further notice need be provided.

**[Remainder of Page Intentionally Left Blank]**

WHEREFORE, the Debtors respectfully request that this Court enter an order, in the form attached hereto as Exhibit A: (i) authorizing the correction of Schedule A to the Sale Order as requested herein, and (ii) granting such other and further relief as the Court deems just and proper.

Dated: Boston, Massachusetts
September 25, 2009

Respectfully submitted,

OSCIENT PHARMACEUTICALS CORP. and
GUARDIAN II ACQUISITION CORP.

By their counsel,

*/s/ Charles A. Dale III*
Charles A. Dale III (BBO No. 558839)
Mackenzie L. Shea (BBO No. 666241)
K&L Gates LLP
State Street Financial Center
One Lincoln Street
Boston, Massachusetts 02111
Tel: (617) 261-3100
Fax: (617) 261-3175

E-mail:
    chad.dale@klgates.com
    mackenzie.shea@klgates.com