**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                  :

**In re**                            :      **Chapter 11**

**OSCIENT PHARMACEUTICALS**    :      **Case No. 09-16576 (HJB)**
**CORPORATION, et al.1**        :

                            :      **(Jointly Administered)**

          **Debtor.**          :

                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER (I) APPROVING DISCLOSURE STATEMENT WITH RESPECT TO FIRST**
**AMENDED JOINT PLAN OF REORGANIZATION; (II) ESTABLISHING VOTING**
**RECORD HOLDER DATE; (III) APPROVING SOLICITATION PROCEDURES,**
**FORMS OF BALLOTS, AND MANNER OF NOTICE; (IV) FIXING THE DEADLINE**
**FOR FILING OBJECTIONS TO CONFIRMATION OF THE PLAN; AND (V)**
**SCHEDULING A HEARING ON PLAN CONFIRMATION**

Upon the Motion (the "Motion") of Oscient Pharmaceuticals Corporation ("Oscient")

and Guardian II Acquisition Corporation ("Guardian" and collectively, the "Debtors"), dated

February 10, 2010 [Docket #581], seeking entry of an order (a) approving the *Disclosure*

*Statement in Support of the First Amended Joint Plan of Reorganization of Oscient*

*Pharmaceuticals Corporation and Guardian II Acquisition Corporation Proposed by the*

*Debtors and the Official Committee of Unsecured Creditors of Oscient Pharmaceuticals*

*Corporation under Chapter 11 of the Bankruptcy Code* (the "Disclosure Statement") and (b)

approving necessary voting procedures and deadlines in connection therewith, including (i) the

establishment of a voting record holder date, (ii) the approval of solicitation procedures and

forms of ballots, and (iii) the establishment of a deadline for the filing of objections to

confirmation of the *First Amended Joint Plan of Reorganization of Oscient Pharmaceuticals*

---

1 The Debtors in these cares are Oscient Pharmaceuticals Corporation (Case No. 09-16576) and Guardian II
Acquisition Corporation (Case No. 09-16579).

*Corporation and Guardian II Acquisition Corporation Proposed by the Debtors and the Official*

*Committee of Unsecured Creditors of Oscient Pharmaceuticals Corporation under Chapter 11*

*of the Bankruptcy Code* (the "Amended Plan"); and it appearing that proper and timely notice of

the Motion and the hearing on the Disclosure Statement held on May 27, 2010 (the "Disclosure

Statement Hearing") having been given; and it appearing that such notice was adequate and

sufficient; and all appearances at the Disclosure Statement Hearing having been duly noted on

the record; and upon considering the Motion, the Disclosure Statement, and the record of the

Disclosure Statement Hearing and upon all of the proceedings had before the Court, and after

due deliberation and sufficient cause appearing, it is hereby

**ORDERED, FOUND, AND DETERMINED THAT:**

1.      Pursuant to Section 1125(b) of the Bankruptcy Code[2] and Bankruptcy Rule

3017(b), (a) the Disclosure Statement is approved as containing adequate information within the

meaning of Section 1125 of the Bankruptcy Code; and (b) to the extent not withdrawn, settled, or

resolved, all objections to the Disclosure Statement are overruled.

2.      The Disclosure Statement and the Motion are hereby APPROVED.

**Voting and Solicitation Procedures**

3.      For voting purposes and mailing of notices and Solicitation Packages (as defined

in paragraph 6 below), the date of the hearing on the Disclosure Statement, May 27, 2010, shall

be the "Record Holder Date" for the holders of Claims.

4.      Any party holding a Claim subject to a pending objection filed by the Debtors

shall not be permitted to vote on confirmation of the Amended Plan unless (a) such Claim is the

subject of (i) an order pursuant to Section 502(c) of the Bankruptcy Code allowing such Claim;

---

2 Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion or the Amended Plan
as appropriate.

(ii) an order pursuant to Bankruptcy Rule 3018(a) granting temporary allowance of the Claim for

the purposes of accepting or rejecting the Amended Plan; or (iii) a stipulation or other agreement

with the Debtors resolving the objection and allowing the Claim in an agreed upon amount; or

(b) the objection is voluntarily withdrawn by the Debtors.. Paul Royalty shall be entitled to vote

on the Amended Plan and shall receive Ballots for its claims against Oscient and Guardian.

5.      Holders of Claims in the Voting Classes shall be entitled to vote with regard to

such Claims, provided however, that the assignee of a transferred and assigned Claim shall be

permitted to vote such Claim only if evidence of the transfer and assignment has been filed with

the Court by the assignee in accordance with Bankruptcy Rule 3001 as of the close of business

on the Record Holder Date.

6.      For purposes of this Order, the term "Solicitation Package" shall mean:

    (a)    A copy of this Disclosure Statement, as approved by the Court (with
           exhibits, including the Amended Plan);

    (b)    A copy of the Disclosure Statement Order;

    (c)    A Ballot, substantially in the form approved by the Court, to Holders of
           Claims in Voting Classes and a pre-addressed, postage prepaid return
           envelope;

    (d)    The Notice attached as Exhibit A hereto (the "Notice"); and

    (e)    Any supplemental solicitation and other materials the Debtors may file
           with the Court.

7.      On or before __May 29, 2010__ , the Debtor shall cause The Garden City

Group, Inc. (the "Solicitation Agent") to send by first-class, U.S. Mail, postage prepaid, a sealed

Solicitation Package to (a) the U.S. Trustee; (b) counsel to the Creditors' Committee; (c) counsel

to Paul Royalty; (d) counsel to the Indenture Trustee for the Second Lien Notes; (e) the

registered holders of the Notes, as shown on the Indenture Trustee's registers for the Notes, and

to the DTC Participants who are holders of the Notes, as shown on the registers for the Notes

maintained by Cede & Co., (f) known creditors holding Claims that are unclassified in the

Amended Plan; and (g) holders of Claims in the Voting Classes (i) who timely filed proofs of

claim that have not been disallowed, disqualified, suspended, reduced, or expunged by Order of

the Court prior to the Record Holder Date and are not the subject of a pending objection filed by

the Debtors on the Record Holder Date; (ii) whose Claims are scheduled in the Debtors'

Schedules other than those scheduled as unliquidated, contingent, and/or disputed (excluding

scheduled Claims that have been superseded by filed Claims; or (iii) whose Claim is a Disputed

Claim that has been temporarily allowed for voting purposes.  In addition, the Debtors shall

serve the Notice on all registered equity holders.

8.      All Ballots must be delivered to the Solicitation Agent, at the address shown on

the pre-addressed, postage prepaid return envelope enclosed with the Ballot, by first class mail,

overnight courier, or personal delivery no later than ~~4:30~~ 12:00 p.m. (prevailing Eastern Time) on

June 28, 2010 (the "Voting Deadline"); provided, that holders of Claims for Notes

against Oscient who hold such Claims through a DTC Participant must deliver their beneficial

holder Ballot to such DTC Participant, who must in turn complete a master Ballot for such

beneficial holder Ballots and deliver it to the Solicitation Agent in the manner set forth above by

the Voting Deadline.

9.      Any Ballot received after the Voting Deadline shall not be counted other than as

provided for in this Order.

10.     For purposes of voting, the amount of a Claim used to tabulate acceptance or

rejection of the Amended Plan shall be one of the following:

> (a)     The amount set forth as a Claim in the Debtors' Schedules that is not listed
> as contingent, unliquidated, or disputed (excluding scheduled Claims that
> have been superseded by filed Claims);

(b)     The amount set forth on a timely filed proof of claim which has not been (i) objected to by the Debtors, or (ii) disallowed, disqualified, suspended, reduced;

(c)     The amount of $1.00 for any timely filed proof of claim in an unliquidated amount; or

(d)     The amount estimated and temporarily allowed with respect to a Claim by an Order of this Court.

11.     With respect to all submitted Ballots,

(a)     Any Ballot submitted after the Voting Deadline shall not be counted and a Ballot will be deemed delivered only when the Solicitation Agent actually receives the original executed Ballot;

(b)     The Solicitation Agent shall date and time-stamp all Ballots when received and shall retain the original Ballots for a period of one year after the Effective Date;

(c)     The Debtors will file a report with the Court prior to the Confirmation Hearing detailing the results of voting on the Amended Plan (the "Voting Report");

(d)     Any Ballot that is properly completed, executed and timely returned to the Solicitation Agent that does not indicate an acceptance or rejection of the Amended Plan shall be deemed to be a vote to accept the Amended Plan;

(e)     Any Ballot that is returned to the Solicitation Agent indicating acceptance or rejection of the Amended Plan but that is unsigned shall not be counted;

(f)     Whenever a holder of a Claim casts more than one Ballot voting the same Claim prior to the Voting Deadline, only the last Ballot timely received by the Solicitation Agent shall be counted;

(g)     If a holder of a Claim casts simultaneous duplicative Ballots voted inconsistently, such Ballots shall count as one vote accepting the Amended Plan;

(h)     Each holder of a Claim shall be entitled to case a separate Ballot for each Claim it holds, which Ballots shall be counted separately in determining the number of Claims voted within a particular class.

(i)     Each holder of multiple Claims must vote all of its Claims within a particular Class either to accept or reject the Amended Plan and may not split votes in or between its Ballots, and any Ballots reflecting split votes

by a single holder of multiple Claims shall be deemed to be votes to accept the Amended Plan;

(j)    Any Ballot that partially rejects and partially accepts the Amended Plan shall be deemed a vote to accept the Amended Plan;

(k)    Only Ballots received by the Solicitation Agent by first class mail, overnight courier, or personal delivery will be counted; any Ballot received by the Solicitation Agent only by telecopier, facsimile or other electronic communication, including by email in portable document format (".pdf") or other similar format, shall not be counted;

(l)    The Debtors, subject to contrary order of the Bankruptcy Court, may waive any defects or irregularities as to any particular Ballot at any time, either before or after the close of voting, and any such waivers will be documented in the Voting Report;

(m)    Subject to any contrary order of the Bankruptcy Court, the Debtors reserve the right to reject any and all Ballots not in proper form, the acceptance of which, in the opinion of the Debtors would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules, provided however that any such rejections will be documented in the Voting Report;

(n)    The following Ballots shall not be counted in determining the acceptance or rejection of the Amended Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the Creditor; (b) any Ballot cast by an Entity that does not hold a Claim in a Class that is entitled to vote on the Amended Plan; (c) any Ballot cast for a Claim scheduled as unliquidated, contingent, or disputed for which no Proof of Claim was timely filed; (d) any Ballot that is unsigned or lacks an original signature; and (e) any Ballot submitted by an Entity not entitled to vote pursuant to the procedures described herein.

## Confirmation Hearing and Objections

12.    The Confirmation Hearing is scheduled for ___June 29, 2010___ at ___2:00 p.m.___ at the United States Bankruptcy Court, ___300 State Street; Springfield, MA___ (the "Confirmation Hearing"). This hearing may be adjourned from time to time without further notice other than an announcement of the adjourned date(s) at said hearing and at any adjourned hearing(s).

13.     Any objection to confirmation of the Amended Plan (a "Confirmation

Objection"), any objection seeking to designate votes of any creditor or otherwise limit the

voting rights of any creditor (a "Voting Objection"), or any proposed modification with respect

thereto must (a) be in writing; (b) state the name and address of the objecting party; (c) comply

with the Bankruptcy Rules and the Local Rules; (d) state the amount of its claim or the nature of

its interest and the nature of the objection or modification and the legal basis therefore; (e) be

filed and served on or before ~~4:30~~ 12:00 p.m. (prevailing Eastern Time) on

June 28, 2010 (the "Objection Deadline"); and (f) be filed with the Clerk,

United States Bankruptcy Court, 300 State Street, Springfield, MA 01105 with copies served

upon (i) the Debtors, Oscient Pharmaceuticals Corporation, Bay Colony Corporate Center, 1000

Winter Street, Suite 2200, Waltham, MA 02451, Attn: Manuel J. Bougoulas; (ii) counsel to the

Debtors, K&L Gates LLP, State Street Financial Center, One Lincoln Street, Boston, MA 02111,

Attn: Charles A. Dale III, and Ropes & Gray LLP, One International Place, Boston, MA 02110-

2624, Attn: James M. Wilton; (iii) counsel to the Creditors' Committee, Mintz, Levin, Cohn,

Ferris, Glovsky and Popeo, P.C., One Financial Center, Boston, MA 02111, Attn: Richard E.

Mikels and Kevin Walsh; (iv) counsel to Paul Royalty Fund Holdings II, LP, Wilmer Cutler

Pickering Hale and Dorr LLP, 60 State Street, Boston, MA  02100, Attn: John Sigel, and Wilmer

Cutler Pickering Hale and Dorr LLP, 399 Park Avenue, New York, NY 10022, Attn: James

Millar; (v) counsel to the U.S. Trustee, John W. McCormack Post Office and Court House, 5

Post Office Square, Suite 1000, Boston, MA 02109-3945, Attn: Eric K. Bradford; (vi) counsel to

the Indenture Trustee, Nixon Peabody, 100 Summer Street, Boston, MA 02110, Attn: Richard C.

Pedone and Amanda D. Darwin; and (vii) The Garden City Group, Inc., 105 Maxess Road,

Melville, NY 11747 (collectively, the "Notice Parties").

14. ANY CONFIRMATION OR VOTING OBJECTION NOT FILED AND SERVED AS SET FORTH IN THIS ORDER BY THE OBJECTION DEADLINE SHALL BE DEEMED WAIVED AND SHALL NOT BE CONSIDERED BY THE COURT.

15. On or before ___May 29, 2010___, the Debtors shall (a) serve the Notice by first class mail, postage prepaid upon (i) the Notice Parties; (ii) all creditors and registered equity holders of the Debtors; and (iii) any party requesting service of notices and pleadings in these cases; and (b) publish said notice in *The Wall Street Journal (National Edition)* in connection with publication therein of the Voting Deadline, Confirmation Hearing, and Objection Deadline.

### Retention of Jurisdiction

16. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: _Springfield_, Massachusetts
_May 27_, 2010

Honorable Henry J. Boroff
United States Bankruptcy Judge

Exhibit A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

```
- - - - - - - - - - - - - - - - - - - - - - - - - x
                                     :
In re                                :    Chapter 11
                                     :
OSCIENT PHARMACEUTICALS              :    Case No. 09-16576 (HJB)
CORPORATION, et al.¹                 :
                                     :    (Jointly Administered)
              Debtor.                :
                                     :
- - - - - - - - - - - - - - - - - - - - - - - - - x
```

NOTICE OF (A) ORDER APPROVING DISCLOSURE STATEMENT,
SOLICITATION PROCEDURES, AND FORMS OF SOLICITATION MATERIALS
AND (B) HEARING AND OBJECTION PROCEDURES FOR
<u>CONFIRMATION OF THE PLAN</u>

**TO ALL CREDITORS, EQUITY INTEREST HOLDERS, AND PARTIES IN INTEREST
IN THE ABOVE-CAPTIONED CHAPTER 11 CASES:**

**PLEASE TAKE NOTICE** that on April 21, 2010, Oscient Pharmaceuticals Corporation and its subsidiary, Guardian II Acquisition Corporation (collectively, the "Debtors"), as debtors and debtors in possession, together with the Official Committee of Unsecured Creditors of Oscient (the "Creditors' Committee") filed the *First Amended Joint Plan of Reorganization of Oscient Pharmaceuticals Corporation and Guardian II Acquisition Corporation Proposed by the Debtors and the Official Committee of Unsecured Creditors of Oscient Pharmaceuticals Corporation Under Chapter 11 of the Bankruptcy Code,* (as may be further amended, the "Amended Plan") and the *Disclosure Statement in Support of the First Amended Joint Plan of Reorganization for Oscient Pharmaceuticals and Guardian II Acquisition Corporation Proposed by the Debtors and the Official Committee of Unsecured Creditors of Oscient Pharmaceuticals Corporation Under Chapter 11 of the Bankruptcy Code,* (as may be further amended, the "Disclosure Statement"), pursuant to section 1125 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"). Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Amended Plan or Disclosure Statement Order (as defined below), as applicable.

**PLEASE TAKE FURTHER NOTICE** that:

1.    Disclosure Statement and Solicitation Procedures. On ~~May 27~~, 2010, the United States Bankruptcy Court for the District of Massachusetts (the "Bankruptcy Court") entered an order (the "Disclosure Statement Order"), which approved, among other

---

¹ The Debtors in these cases are Oscient Pharmaceuticals Corporation (Case No. 09-16576) and Guardian II Acquisition Corporation (Case No. 09-16579).

things, the (a) Disclosure Statement as providing adequate information for holders of claims against, or interests in, the Debtors to make a decision as to whether to accept or reject the Amended Plan; and (b) procedures for solicitation of votes to accept or reject the Amended Plan and the tabulation of such votes (the "Solicitation Procedures"), as described in the Disclosure Statement Order.

2.    Confirmation Hearing.  A hearing (the "Confirmation Hearing") to consider the confirmation of the Amended Plan  will be held on June 29, 2010, at 2:00 p.m. (Prevailing Eastern Time), or as soon thereafter as counsel may be heard, before the Honorable Henry J. Boroff, Chief United States Bankruptcy Judge for the United States Bankruptcy Court for the District of Massachusetts, at 300 State Street; Springfield Massachusetts. The Confirmation Hearing may be adjourned from time to time without further notice except for an announcement of the adjourned date made in open Court or as indicated in a notice of agenda filed with the Court.  The Amended Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing.

3.    Voting Record Date.  The voting record date is May 27, 2010 (the "Voting Record Date"), the date set by the Bankruptcy Court for purposes of determining which holders of impaired claims are entitled to receive Solicitation Packages and, where applicable, vote on the Amended Plan.

4.    Voting Deadline.  The voting deadline is June 28, 2010, at 12:00 ~~4:30~~ p.m. (Prevailing Eastern Time) (the "Voting Deadline"), the date set by the Bankruptcy Court as the deadline for receipt of Ballots by The Garden City Group, Inc. (the "Solicitation Agent").

5.    Voting Class.  Any holder of a Claim that is entitled to vote to accept or reject the Amended Plan will be mailed or otherwise provided a ballot (a "Ballot") as part of their Solicitation Package, in accordance with the Solicitation Procedures.  Such holders are holders of Guardian Class 1 – Paul Royalty Guardian Claims and Oscient Class 3 – Oscient Unsecured Claims.  Holders entitled to vote on the Amended Plan are urged to carefully read all the instructions in the Solicitation Procedures and their Ballots to ensure that their Ballots are properly completed and timely submitted.  Any failure to follow such instructions may disqualify a vote.

6.    Claims That May Not Be Voted.  Any party holding a Claim subject to a pending objection filed by the Debtors shall not be permitted to vote such Claim on the Amended Plan unless (a) such Claim is the subject of (i) an order pursuant to Section 502(c) of the Bankruptcy Code allowing such Claim; (ii) an order pursuant to Bankruptcy Rule 3018(a) granting temporary allowance of the Claim for the purposes of accepting or rejecting the Amended Plan; or (iii) a stipulation or other agreement with the Debtors resolving the objection and allowing the Claim in an agreed upon amount; or (b) the objection is voluntarily withdrawn by the Debtors.

7.    Objections.  Any responses or objections to the confirmation of the Amended Plan ("Confirmation Objections") or objections seeking to designate votes of any creditor or otherwise limit the voting rights of any creditor ("Voting Objections") must (a) be in

2

writing; (b) state the name and address of the objecting party; (c) comply with the Bankruptcy Rules and the MLBR; (d) state the amount of the objecting party's claim or the nature of its interest and the nature of the objection and the legal basis therefore; and (e) be filed with the Clerk, United States Bankruptcy Court, 300 State Street, Springfield, MA 01105, and served so as to be received no later than ~~June~~ **June 28**, 2010, at **12:00 ~~4:30~~ p.m. (Prevailing Eastern Time)** by (i) the Debtors, Oscient Pharmaceuticals Corporation, Bay Colony Corporate Center, 1000 Winter Street, Suite 2200, Waltham, MA 02451, Attn: Manuel J. Bougoulas; (ii) counsel to the Debtors, K&L Gates LLP, State Street Financial Center, One Lincoln Street, Boston, MA 02111, Attn: Charles A. Dale III, and Ropes & Gray LLP, One International Place, Boston, MA 02110-2624, Attn: James M. Wilton; (iii) counsel to the Creditors' Committee, Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., One Financial Center, Boston, MA 02111, Attn: Richard E. Mikels and Kevin Walsh; (iv) counsel to Paul Royalty Fund Holdings II, LP, Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, MA 02100, Attn: John Sigel, and Wilmer Cutler Pickering Hale and Dorr LLP, 399 Park Avenue, New York, NY 10022, Attn: James Millar; (v) counsel to the U.S. Trustee, John W. McCormack Post Office and Court House, 5 Post Office Square, Suite 1000, Boston, MA 02109-3945, Attn: Eric K. Bradford; (vi) counsel to the Indenture Trustee for the Second Lien Notes, Nixon Peabody, 100 Summer Street, Boston, MA 02110, Attn: Richard C. Pedone; and (vii) The Garden City Group, Inc., 105 Maxess Road, Melville, NY 11747 (the "Notice Parties"). **ANY CONFIRMATION OBJECTION OR VOTING OBJECTION NOT TIMELY FILED AND SERVED AS PRESCRIBED HEREIN BY ~~June~~ June 28, 2010 AT ~~4:30~~ 12:00 P.M. (PREVAILING EASTERN TIME) SHALL BE DEEMED WAIVED AND SHALL NOT BE CONSIDERED BY THE COURT.**

8.    **Releases, Exculpations, And Injunctions. PLEASE BE ADVISED THAT THE AMENDED PLAN CONTAINS CERTAIN RELEASES, EXCULPATIONS, AND INJUNCTIONS. THESE PROVISIONS ARE FOUND IN SECTIONS 10.2, 10.3, AND 10.4 OF THE AMENDED PLAN. YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE AMENDED PLAN, INCLUDING THE RELEASES, EXCULPATIONS, AND INJUNCTIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.**

9.    Additional Copies of Documents. Copies of the Amended Plan, Disclosure Statement, Disclosure Statement Order, and other materials in the Solicitation Package (excluding a Ballot) are available for review at the Office of the Clerk, United States Bankruptcy Court for the District of Massachusetts, 300 State Street, Springfield, MA 01105. You may also request a copy of the Amended Plan, Disclosure Statement, Disclosure Statement Order, and other materials in the Solicitation Package (excluding a Ballot) by contacting the Solicitation Agent by mail at The Garden City Group, Inc., Attn: OPC Voting Agent, P.O. Box 9381, Dublin, OH 43017-4281 or by phone at (631) 470-5000.

Dated: _____, 2010
          Boston, Massachusetts

OSCIENT PHARMACEUTICALS CORP. and
GUARDIAN II ACQUISITION CORP.

By their counsel,

_____

Charles A. Dale III (BBO No. 558839)
Mackenzie L. Shea (BBO No. 666241)
K&L Gates LLP
State Street Financial Center
One Lincoln Street
Boston, Massachusetts 02111
Tel:  (617) 261-3100
Fax: (617) 261-3175

E-mail:
     chad.dale@klgates.com
     mackenzie.shea@klgates.com