ORIGINAL

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## EASTERN DIVISION

```
-----------------------------------------------x
                                               :
IN RE:                                         :      Chapter 11
                                               :
OSCIENT PHARMACEUTICALS                        :
CORPORATION, et al.,¹                          :      Case No: 09-16576-HJB
                                               :
                                               :      (Jointly Administered)
                                               :
              Debtors.                         :
                                               :
-----------------------------------------------x
```

## CONFIRMATION ORDER

This matter having come before the Court on June 29, 2010 in the above-captioned

Chapter 11 cases of Oscient Pharmaceuticals Corporation ("Oscient") and Guardian II

Acquisition Corporation ("Guardian" and collectively with Oscient, the "Debtors") for hearing

on the confirmation of the First Amended Joint Plan of Reorganization of Oscient

Pharmaceuticals Corporation and Guardian II Acquisition Corporation Proposed by the Debtors

and the Official Committee of Unsecured Creditors of Oscient Pharmaceuticals Corporation

Under Chapter 11 of the Bankruptcy Code filed on April 21, 2010 (as further amended on May

27, 2010 and as may be further amended, modified, or supplemented, the "Amended Plan"),² and

the Court having approved the Disclosure Statement relating to the Amended Plan by order dated

---

¹ The Debtors in these cases are Oscient Pharmaceuticals Corporation (Case No. 09-16576) and Guardian II
Acquisition Corporation (Case No. 09-16579).

² Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Amended Plan.
Any term used in the Amended Plan or this order (the "Confirmation Order") that is not defined in the Amended
Plan or this Confirmation Order, but that is used in the United States Bankruptcy Code, U.S.C. §§ 101 et seq. (the
"Bankruptcy Code") or the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), shall have the
meaning ascribed to that term in the Bankruptcy Code or the Bankruptcy Rules.

May 27, 2010 (the "Disclosure Statement Order"), and based upon the Court's review of (i) the

Declaration of Ronda K. Collum dated June 29, 2010 regarding the tabulation of votes (the

"Balloting Declaration") [Dkt. No. 812]; (ii) any objections to confirmation of the Amended

Plan; (iii) all of the evidence proffered or adduced at, and arguments of counsel made at, the

hearing on confirmation of the Amended Plan (the "Confirmation Hearing"); and (iv) the entire

record of these Chapter 11 cases; and after due deliberation thereon and good cause appearing

therefor, the Court hereby makes the following findings of fact and conclusions of law.

THE COURT FINDS AND CONCLUDES THAT:

A.    Filing of Amended Plan.   On April 21, 2010, the Debtors and the Official

Committee of Unsecured Creditors of Oscient Pharmaceuticals Corporation (the "Creditors'

Committee") filed the Amended Plan and the Disclosure Statement relating thereto (the

"Disclosure Statement"), as further amended on May 27, 2010.

B.    Disclosure Statement Order.   On May 27, 2010, the Court entered the Disclosure

Statement Order [Dkt. No. 741] that, among other things, (i) approved the Disclosure Statement as

containing adequate information within the meaning of Section 1125 of the Bankruptcy Code and

Bankruptcy Rule 3017; (ii) fixed May 29, 2010, as the date by which the Debtors would deposit,

or cause to be deposited, in the United States mail (1) a "Solicitation Package" which included a

notice of the confirmation hearing (the "Confirmation Hearing Notice"), a copy of the Disclosure

Order and the Disclosure Statement with all exhibits (including the Amended Plan), and a Ballot

to Holders of Claims entitled to vote on the Amended Plan, and (2) the Confirmation Hearing

Notice to all of the Debtors' creditors and registered equity holders, (iii) fixed June 28, 2010 as

the date by which (1) all persons and entities entitled to vote on the Amended Plan must deliver

their Ballots to the Debtors' Solicitation Agent, The Garden City Group, Inc. ("Garden City") (the

"Voting Deadline") and (2) any objection to confirmation of the Amended Plan must be filed with

the Clerk of the Bankruptcy Court (the "Objection Deadline"); and (iv) fixed June 29, 2010 at

2:00 p.m. as the date and time for commencement of the Confirmation Hearing.

       C.     Transmittal of Solicitation Package.  Solicitation Packages and the Confirmation

Hearing Notice were transmitted by Garden City on May 28, 2010 in accordance with the

Disclosure Statement Order and Bankruptcy Rule 3017(d)[3].

       D.     Objections to Amended Plan.  Any objections to the Amended Plan have been

overruled, withdrawn or are resolved on the terms set forth in and incorporated into this

Confirmation Order.

       E.     Publication of Confirmation Hearing Notice.  Publication in *The Wall Street

Journal (national edition)* of the Confirmation Hearing Notice was made on Thursday, June 3,

2010[4].

       F.     Declaration Summarizing Ballots.   On June 29, 2010, the Debtors filed the

Balloting Declaration executed by Garden City, summarizing the results of the ballot tabulation

for each of the voting classes voting to accept or reject the Amended Plan.

       G.     Plan Supplement.  On June 18, 2010, the Debtors filed the Plan Supplement (the

"Plan Supplement") in further support of the Amended Plan.

       H.     Bankruptcy Rule 3018(a) Stipulations.  Prior to the Confirmation Hearing, no

motions were filed for temporary allowance of claims for voting purposes pursuant to Bankruptcy

Rule 3018(a), nor were any stipulations filed with the Court pursuant to Bankruptcy Rule 3018(a).

       I.     Exclusive Jurisdiction:  Venue:  Core Proceeding 28 U.S.C. §§ 157(b)(2) and

1334(a)).  This Court has jurisdiction over these Chapter 11 cases pursuant to 28 U.S.C. §§ 157

---

[3] The Affidavit of Service executed by Garden City related to service of the Solicitation Packages and the
Confirmation Hearing Notice was filed on June 18, 2010 [Dkt. No. 781].

[4] The Affidavit of Publication executed by Garden City related to publication was filed on June 18, 2010 [Dkt.
No. 782].

and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  Confirmation of the Amended Plan is a core proceeding under 28 U.S.C. § 157(b)(2), and this Court has exclusive jurisdiction to determine whether the Amended Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

J.      Judicial Notice.  This Court takes judicial notice of the docket of the Chapter 11 cases maintained by the Clerk of the Court and/or its duly-appointed agent, including, without limitation, all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered or adduced at, the hearings held before the Court during the pendency of these Chapter 11 cases.

K.      Transmittal and Mailing of Materials:  Notice.  All due, adequate and sufficient notice of the Disclosure Statement, the Amended Plan, and the Confirmation Hearing, along with all deadlines for voting on or filing objections to the Amended Plan, has been given to the Notice Parties (as defined in the Disclosure Statement Order), all creditors and registered equity holders of the Debtors, and any party requesting service of notices and pleadings in these Chapter 11 cases, in accordance with the procedures set forth in the Disclosure Statement Order and Rules 2002(b) and 3017(d) of the Bankruptcy Rules.  The Disclosure Statement, Amended Plan, Ballots, Disclosure Statement Order, and the Confirmation Hearing Notice were transmitted and served in compliance with the Disclosure Statement Order and the Bankruptcy Rules, and such transmittal and service were adequate and sufficient.  Adequate and sufficient notice of the Confirmation Hearing and the other deadlines described in the Disclosure Statement Order was given in compliance with the Bankruptcy Rules and the Disclosure Statement Order, and no other or further notice is or shall be required.  Such notice shall be deemed sufficient for all purposes under the Bankruptcy Code, the Bankruptcy Rules, and the Amended Plan.

L.     <u>Solicitation</u>. Votes for acceptance or rejection of the Amended Plan were solicited in good faith, and the solicitation complied with Sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 3017 and 3018, the Disclosure Statement Order, all other applicable provisions of the Bankruptcy Code, and all other rules, laws, and regulations.

M.     <u>Distribution</u>. All procedures used to distribute to the applicable holders of Claims and to tabulate the Ballots were fair and conducted in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Massachusetts Local Bankruptcy Rules, orders of this Court, and all other rules, laws, and regulations.

N.     <u>Impaired Classes That Have Voted to Accept the Amended Plan</u>. As evidenced by the Balloting Declaration, Class 3 at Oscient and Class 1 at Guardian have voted to accept the Amended Plan pursuant to the requirements of Sections 1124 and 1126 of the Bankruptcy Code. Thus, at least one impaired class of Claims with respect to each Debtor has voted to accept the Amended Plan.

O.     <u>Classes Deemed to Have Accepted Amended Plan</u>. Claims in Oscient Classes 1 and 2 and Guardian Classes 3, 4 and 6 are unimpaired by the Amended Plan, and therefore those Classes are deemed to have accepted the Amended Plan pursuant to Section 1126(f) of the Bankruptcy Code.

P.     <u>Classes Deemed to Have Rejected Amended Plan</u>. Claims in Oscient Classes 4 and 5 and Guardian Classes 2, 5, 7 and 8 are not entitled to receive anything under the Amended Plan, and therefore those Classes are deemed to have rejected the Amended Plan pursuant to Section 1126(g) of the Bankruptcy Code.

Q.     <u>No Amendment to Amended Plan</u>. There were no modifications to the Amended Plan subsequent to the transmission of the Solicitation Packages.

R.    <u>Compliance With Bankruptcy Code (11.U.S.C. § 1129(a)(1))</u>.  The Amended Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying Section 1129(a)(1) of the Bankruptcy Code:

1.    <u>Proper Classification (11 U.S.C. § 1122, 1123(a)(l))</u>.  In addition to Administrative Claims and Priority Tax Claims (which are not required to be classified), the Amended Plan designates for Oscient four (4) Classes of Claims and one (1) Class of Equity Interests and for Guardian seven (7) Classes of Claims and one (1) Class of Equity Interests.  The Claims and Equity Interests placed in each Class are substantially similar to other Claims or Equity Interests in each such Class. Valid business, factual and legal reasons exist for separately classifying the various Classes of Claims and Equity Interests created under the Amended Plan, and such Classes do not unfairly discriminate between holders of Claims or Equity Interests. Thus, the Amended Plan satisfies Sections 1122 and 1123(a)(1) of the Bankruptcy Code.

2.    <u>Specification of Unimpaired Classes (11 U.S.C. § 1123(a)(2))</u>.  Articles III and IV of the Amended Plan specify the Classes of Claims and Equity Interests that are unimpaired. Thus, the Amended Plan satisfies Section 1123(a)(2) of the Bankruptcy Code.

3.    <u>Specification of Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3))</u>. Articles III and IV of the Amended Plan specify the Classes of Claims and Equity Interests that are impaired under the Amended Plan. Articles III and IV of the Amended Plan further specify the treatment of Claims and Equity Interests in all such Classes.  Thus, the Amended Plan satisfies Section 1123(a)(3) of the Bankruptcy Code.

4.    <u>No Discrimination (11 U.S.C. § 1123(a)(4))</u>. The Amended Plan provides for the same treatment for each Claim or Equity Interest in each respective Class unless the holder of a particular Claim has agreed to less favorable treatment with respect to such Claim.  Thus, the Amended Plan satisfies Section 1123(a)(4) of the Bankruptcy Code.

5.    <u>Implementation of Amended Plan (11 U.S.C. § 1123(a)(5))</u>.  The Amended Plan provides adequate and proper means for implementation of the Amended Plan, including, without limitation, (i) the creation of the Oscient Trust; (ii) the appointment of the Oscient Trustee and Trust Supervisors; and (iii) the provision for the appointment and service of a Guardian Disbursing Agent. Thus, the Amended Plan satisfies Section 1123(a)(5) of the Bankruptcy Code.

6.    <u>Prohibition Against Issuance of Non-Voting Equity Securities and Provisions For Voting Power of Classes of Securities (11 U.S.C. 1123(a)(6))</u>.  The Amended Plan does not provide for the issuance of

nonvoting equity securities. Thus, the Amended Plan satisfies Section 1123(a)(6) of the Bankruptcy Code.

7. <u>Selection of Officers, Directors, and Trustees (11 U.S.C. §1123(a)(7))</u>. The Amended Plan provides that all Assets of Oscient and its Estate will be transferred to the Oscient Trust and that all Assets of Guardian and its Estate (less the Initial Guardian Distribution Amount and the $1 million Cash Distribution to the Oscient Trustee pursuant to Section 5.9(viii) of the Amended Plan) will be transferred to the Guardian Disbursing Agent. The Oscient Trustee, as identified in the Amended Plan, is Stephen B. Darr of Mesirow Financial Consulting. The Guardian Disbursing Agent, as identified in the Plan Supplement, is Triax Capital Advisors, LLC. Mr. Harry Malinowski, Principal, will act as the primary contact for the Guardian Disbursing Agent. Thus, Section 1123(a)(7) of the Bankruptcy Code is satisfied.

8. <u>Bankruptcy Rule 3016(a)</u>. The Amended Plan is dated and identifies the entities submitting it, thereby satisfying Bankruptcy Rule 3016(a).

S. <u>Compliance With Bankruptcy Code (11 U.S.C. § 1129(a)(2))</u>. The Debtors and the Creditors' Committee are proper proponents of the Amended Plan under Section 1121(c) of the Bankruptcy Code and have complied with the applicable provisions of the Bankruptcy Code, including as provided or permitted by orders of this Court, thereby satisfying Section 1129(a)(2) of the Bankruptcy Code. The Debtors and the Creditors' Committee have complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Disclosure Statement Order in transmitting the Amended Plan, the Disclosure Statement, the Ballots and related documents and notices, and in soliciting and tabulating votes on the Amended Plan.

T. <u>Amended Plan Proposed In Good Faith 11 U.S.C. § 1129(a)(3))</u>. For the reasons set forth on the record, the Debtors and the Creditors' Committee have proposed the Amended Plan in good faith and not by any means forbidden by law, thereby satisfying Section 1129(a)(3) of the Bankruptcy Code.

U. <u>Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4))</u>. Any payment made or to be made under the Amended Plan for services or for costs and expenses in connection with these Chapter 11 cases, including all administrative expense and substantial

contribution claims under Sections 503 and 507 of the Bankruptcy Code or in connection with the Amended Plan and incident to these Chapter 11 cases, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying Section 1129(a)(4) of the Bankruptcy Code.

V.    <u>Directors, Officers, and Insiders (11 U.S.C. §1129(a)(5))</u>.    The Amended Plan identifies the Oscient Trustee and Guardian Disbursing Agent in full compliance with Section 1129(a)(5) of the Bankruptcy Code, and the appointment of such individuals is consistent with the interests of Creditors and Equity Holders and with public policy.

W.    <u>No Rate Changes (11 U.S.C. § 1129(a)(6))</u>.  Section 1129(a)(6) of the Bankruptcy Code is satisfied because the Amended Plan does not provide for any change in rates over which a governmental regulatory commission has jurisdiction.

X.    <u>Best Interests of Creditors Test (11 U.S.C. § 1129(a)(7))</u>.    The Amended Plan satisfies Section 1129(a)(7) of the Bankruptcy Code.  The Disclosure Statement, the liquidation analysis discussed therein, and the evidence adduced at the Confirmation Hearing (i) are persuasive and credible as of the dates such evidence was prepared, presented, or proffered, (ii) either have not been controverted by other persuasive evidence or have not been challenged, (iii) are based upon reasonable and sound assumptions, and (iv) establish that each holder of a Claim or Equity Interest in an impaired Class will receive or retain under the Amended Plan, on account of such Claim or Equity Interest, property of a value, as of the Effective Date of the Amended Plan, that is not less than the amount that it would receive if the Debtors were liquidated under chapter 7 of the Bankruptcy Code on such date.

Y.    <u>Treatment of Administrative and Priority Tax Claims (11 U.S.C. § 1129(a)(9))</u>. The Amended Plan provides for the payment, in Cash, equal to the unpaid portion of any Allowed Administrative Claims and any Allowed Priority Tax Claims on the latest of (i) the Effective

Date, (ii) the date such Claim becomes Allowed, (iii) with respect to Priority Tax Claims, the date such Claim becomes due and payable, and (iv) with respect to Priority Tax Claims, such date as may be mutually agreed upon by such Holder and the Oscient Trustee or the Guardian Disbursing Agent, as the case may be).  The treatment of Administrative Claims and Priority Tax Claims under the Amended Plan satisfies the requirements of Sections 1129(a)(9)(A), (B), and (C) of the Bankruptcy Code.

Z.    <u>Acceptance By Impaired Class (11 U.S.C. § 1129(a)(10))</u>.  Oscient Class 3 and Guardian Class 1 are Impaired Classes of Claims that have voted to accept the Amended Plan, without including any acceptance of the Amended Plan by an insider holding a Claim of such Class.  Thus, Section 1129(a)(10) of the Bankruptcy Code is satisfied.

AA.    <u>Feasibility (11 U.S.C. § 1129(a)(11))</u>.  Sufficient funds exist to ensure that all payments required under the Amended Plan will be made and to accomplish the intents and purposes of the Amended Plan.  Therefore, the Amended Plan is feasible and Section 1129(a)(11) of the Bankruptcy Code is satisfied.

BB.    <u>Payment of Fees (11 U.S.C. § 1129(a)(12))</u>.  The Amended Plan provides for the payment of fees payable under Section 1930 of title 28, other than those fees already paid, through the calendar quarter during which the Bankruptcy Court enters a Final Decree in these Chapter 11 cases, thereby satisfying Section 1129(a)(12) of the Bankruptcy Code.

CC.    <u>Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13))</u>.  The Debtors have no retiree benefits, as defined in Section 1114 of the Bankruptcy Code, and, therefore, Section 1129(a)(13) is not applicable to these proceedings.

DD.    <u>Burden of Proof</u>.  The Debtors and Creditors' Committee, as proponents of the Amended Plan, have met their burden of proving the elements of Sections 1129(a) and (b) of the Bankruptcy Code.

EE.    Confirmation of the Amended Plan Over Rejection of Impaired Classes (11 U.S.C. §1129(b)).  Oscient Classes 4 and 5 and Guardian Classes 2, 5, 7 and 8 are deemed to have rejected the Amended Plan pursuant to Section 1126(g) of the Bankruptcy Code, although no Holder of Claims or Interests within such classes objected to confirmation of the Amended Plan. Pursuant to Section 1129(b) of the Bankruptcy Code, the Amended Plan may be confirmed notwithstanding the fact that not all Impaired Classes voted to accept the Amended Plan.  All of the requirements of Section 1129(a) of the Bankruptcy Code, other than Section 1129(a)(8) with respect to such Classes, have been met.  No Holders of Equity Claims or Interests junior to the Holders of (i) Oscient Classes 4 and 5 and (ii) Guardian Classes 2, 5, 7 and 8 will receive or retain any property under the Amended Plan.  Likewise, no Class of Claims or Equity Interests senior to Oscient Classes 4 and 5 and Guardian Classes 2, 5, 7 and 8 will receive more than full payment on account of such Claims or Equity Interests.  Thus, the Amended Plan does not discriminate unfairly and is "fair and equitable" under Section 1129(b) of the Bankruptcy Code with respect to the Claims and Equity Interests in those Classes.

FF.    Good Faith Solicitation (11 U.S.C. § 1125(e)).  The Debtors, the Creditors' Committee, and their agents, representatives, attorneys, and advisors have solicited votes on the Amended Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code and the Disclosure Statement Order and are entitled to the protections afforded by Section 1125(e) of the Bankruptcy Code and the exculpation provisions set forth in Article X, Section 10.3 of the Plan as a matter of law.

GG.    Objections to Confirmation.  Objections to confirmation were asserted by RBS Citizens, N.A..

HH.    Compromise of Controversies.  Article V, Sections 5.9 and 5.10 of the Amended Plan memorialize two comprehensive settlements between each of the Debtors' Estates, on the

one hand, and Paul Royalty and Abbott on the other. The disputes being compromised under the

Amended Plan are well described in the Disclosure Statement. Both settlements are beneficial to

the Debtors and their Estates and are fair and reasonable resolutions of complex legal disputes.

II.    <u>Releases, Exculpation and Limitation of Liability.</u>  The releases granted in Article

X, Sections 10.2 and the exculpation provisions set forth in Article X, Section 10.3 are in the best

interests of Holders of Claims, are fair, equitable and reasonable and are integral to the resolution

of these Chapter 11 cases in accordance with the Amended Plan. Each of the release and

exculpation provisions set forth in the Amended Plan also:

1.    is within the jurisdiction of this Court under 28 U.S.C. §§ 1334(a), (b), and (d);

2.    is an essential means of implementing the Amended Plan pursuant to Section 1123(a)(5) of the Bankruptcy Code;

3.    is an integral element of the transactions incorporated into the Amended Plan;

4.    is in the best interests of the Debtors, their Estates, and their creditors;

5.    is important to the overall objectives of the Amended Plan to finally resolve all Claims among or against the parties in interest in these Chapter 11 cases; and

6.    is consistent with Sections 105, 1123, 1129, and other applicable provisions of the Bankruptcy Code.

JJ.    <u>Conditions to Effective Date.</u>  Each of the conditions to the Effective Date as set

forth in Article IX is reasonably likely to be satisfied.

KK.    <u>Retention of Jurisdiction.</u>  Pursuant to Article XI of the Amended Plan, the Court

will retain jurisdiction over the matters set forth therein.

LL.    <u>Preservation of Causes of Action.</u>  It is in the best interest of the creditors and

equity holders and necessary and beneficial to the fair and efficient resolution of the Debtors'

bankruptcy cases that, except as set forth in the Amended Plan, (a) all Causes of Action in the

Oscient Estate (other than Causes of Action released by the Amended Plan, including pursuant to Sections 5.9 and 10.2(a) thereof) be reserved by Oscient for the Oscient Trust; and (b) all Causes of Action in the Guardian Estate be released pursuant to Sections 5.9 and 10.2(a) of the Amended Plan, except to the extent preserved in Section 8.4 thereof, in order to maximize the value of Debtors' Estates.

MM.   <u>Stamp Taxes and Similar Taxes</u>.   The issuance, transfer, or exchange of a security, or the making or delivery of an instrument of transfer under the Amended Plan, may not be taxed under any law imposing a stamp tax or similar tax.

NN.   <u>Transfers Previously Made</u>.   All transfers of property of the Debtors made on or after the Petition Date, including but not limited to, any such transfers made prior to the confirmation of the Amended Plan, were necessary and essential to the confirmation and consummation of the Amended Plan.

ACCORDINGLY, THE COURT HEREBY ORDERS THAT:

1.   <u>Confirmation</u>.   The Amended Plan is approved and confirmed under Section 1129 of the Bankruptcy Code.   Any objections to confirmation of the Amended Plan have been overruled, withdrawn or are resolved on the terms set forth herein.   A copy of the Amended Plan (as modified in all aspects as provided for in this Confirmation Order) is attached hereto as **Exhibit A** and is incorporated herein by reference.

2.   <u>Other Plan Documents</u>.   The Plan Supplement filed by the Debtors on June 18, 2010 as well as any amendments, modifications, and supplements thereto, all documents and agreements related thereto or relating to consummation and implementation of the Amended Plan, and any other documents and agreements introduced into evidence by the Debtors at the Confirmation Hearing (including all exhibits and attachments thereto and documents referred to therein) or any document referenced by the Debtors at the Confirmation Hearing (collectively,

the "Plan Documents"), and the execution, delivery, and performance thereof by the Debtors are authorized and approved. Without need for further order or authorization of the Bankruptcy Court, the Debtors, the Oscient Trustee and the Guardian Disbursing Agent, as applicable, are authorized and empowered to make any and all modifications to any and all Plan Documents that do not materially modify the terms of such documents and are consistent with the Amended Plan.

3.    <u>Effects of Confirmation, Successors and Assigns</u>. Pursuant to Section 1141 of the Bankruptcy Code, upon the Effective Date, the terms of the Amended Plan and this Confirmation Order shall be binding upon and shall inure to the benefit of the Debtors, the Oscient Trustee, and the Guardian Disbursing Agent, and any and all Holders of Claims or Equity Interests (regardless of whether such Claims or Equity Interests are Impaired under the Amended Plan or whether the Holders of such Claims or Equity Interests accepted, rejected or were deemed to have accepted or rejected the Amended Plan), and any and all persons and entities that are parties to or are subject to the settlements, compromises, releases, discharges, and injunctions described in the Amended Plan or in this Confirmation Order, and the respective officers, directors, members, general and limited partners, managers, heirs, executors, administrators, successors, or assigns, if any, of any of the foregoing.

4.    <u>Provisions of Amended Plan and Order Nonseverable and Mutually Dependent</u>. The provisions of the Amended Plan and this Confirmation Order, including the findings of fact and conclusions of law set forth herein, are nonseverable and mutually dependent.

5.    <u>Amended Plan Classification Controlling</u>. The classification of Claims and Equity Interests for purposes of the Distributions to be made under the Amended Plan shall be governed solely by the terms of the Amended Plan. The classifications set forth on the Ballots tendered to and/or returned by the Debtors' creditors in connection with voting on the Amended Plan: (a) were set forth on the Ballots solely for purposes of voting to accept or reject the

Amended Plan, (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such Claims under the Amended Plan for distribution purposes; and (c) may not be relied upon by any creditor as representing the actual classification of such Claims under the Amended Plan for distribution purposes.

6.    <u>General Authorizations</u>.    The Debtors, the Oscient Trustee, the Guardian Disbursing Agent and their representatives are authorized and empowered to issue, execute, deliver, file or record any document or instrument or to take any other action necessary or appropriate to implement, effectuate and consummate the Amended Plan in accordance with its terms, whether or not specifically referred to in the Amended Plan and without further application to or order of this Court.

7.    <u>Bar Dates; Late Filed Proofs of Claim</u>.    Pursuant to an order of this Court, December 2, 2009 was the deadline for filing with Garden City and/or the Court any and all Claims against the Debtors except with respect to Governmental Units and added creditors. The deadline for filing Claims against the Debtors for Governmental Units was January 11, 2010. The deadline for filing Claims against the Debtors for creditors who were added to the Debtors' Schedules on March 19, 2010 was June 28, 2010. The deadline for filing Claims against the Debtors for any damages arising under or related to rejection of an executory contract or unexpired lease with the Debtors is (i) with respect to any executory contracts and unexpired leases rejected pursuant to this Confirmation Order, thirty (30) days after the Confirmation Date; or (ii) with respect to any executory contracts and unexpired leases that are (a)(1) subject to a motion seeking assumption as of the Confirmation Date or (2) identified on **Exhibit B** attached hereto as executory contracts or unexpired leases for which Oscient is seeking assumption pursuant to the procedures set forth in this Confirmation Order; and (b) later rejected, thirty (30) days after notice of rejection of such contract. Any such Claim that was not or is not filed by the

applicable deadline is forever barred and shall be conclusively deemed discharged and disallowed for the purposes of voting on the Amended Plan or receiving any distributions thereunder, *except as provided by further Court Order.*

8.      <u>Dissolution of Debtors</u>.  Pursuant to Article V, Section 5.3 of the Amended Plan, this Confirmation Order and applicable state law, the Oscient Trustee, on behalf of Oscient, and the Guardian Disbursing Agent, on behalf of Guardian, are authorized and granted all necessary corporate authority to take all corporate actions necessary to dissolve Oscient and Guardian, respectively.

9.      <u>Cancellation of Liens</u>.  As provided for in Section 5.5 of the Amended Plan, on the Effective Date, subject to payment of the Initial Guardian Distribution Amount, all Liens and other security interests against property of the Estates shall be deemed fully released and discharged.

10.      <u>Appointment of Oscient Trustee</u>.   The appointment of Stephen B. Darr of Mesirow Financial Consulting as the Oscient Trustee is hereby approved.  On or before the Effective Date, the Oscient Trustee shall obtain such surety bond as is reasonable and appropriate to protect the Assets of the Oscient Trust or demonstrate evidence of appropriate errors and omissions insurance coverage and shall execute the Oscient Trust Agreement.  The amount of the surety bond will be in the full amount of funds that the Oscient Trustee will hold at any given time.  The Oscient Trustee is authorized and empowered to execute any and all documents and take such other actions as may be necessary or appropriate to implement the provisions of the Amended Plan, including acting as representative of the Oscient Estate pursuant to Section 1123(b)(3) of the Bankruptcy Code.  The form of Oscient Trust Agreement, as provided in the Plan Supplement and including any such non-material modifications as the

Debtors determine are necessary and are reasonably satisfactory to the Oscient Trustee and the Creditors' Committee, is approved.

11.   <u>Appointment of Guardian Disbursing Agent</u>.  The appointment of Triax Capital Advisors, LLC as the Guardian Disbursing Agent is hereby approved with Mr. Harry Malinowski, Principal, as the primary contact.  On or before the Effective Date, the Guardian Disbursing Agent shall obtain such surety bond as is reasonable and appropriate to protect the remaining Assets of the Guardian Estate or demonstrate evidence of appropriate errors and omissions insurance coverage.  The amount of the surety bond will be in the full amount of funds that the Guardian Disbursing Agent will hold at any given time.  The Guardian Disbursing Agent is authorized and empowered to execute any and all documents and take such other actions as may be necessary or appropriate to implement the provisions of the Amended Plan, including acting as representative of the Guardian Estate pursuant to Section 1123(b)(3) of the Bankruptcy Code.

12.   <u>Transfers to the Oscient Trust</u>.  Except as otherwise provided in the Amended Plan or in this Confirmation Order, on the Effective Date, title to all Assets of Oscient and its Estate, including Causes of Action in such Estate (other than Causes of Action released by the Amended Plan, including in Sections 5.9 and 10.2(a) thereof), which are reserved by Oscient for the Oscient Trust, shall vest in the Oscient Trust, free and clear of all Claims, Liens, encumbrances, and other interests.

13.   <u>Transfers to Guardian Disbursing Agent</u>.  On the Effective Date, (a) Guardian shall make an indefeasible distribution of Cash to the Holders of the Paul Royalty Guardian Claims equal to the Initial Guardian Distribution Amount, (b) Paul Royalty shall release its Lien against and Guardian shall make an indefeasible distribution of Cash in the amount of $1 million to the Oscient Trustee, which Cash payment shall be free and clear of all Claims, Liens,

- 16 -

encumbrances, and other interests, and (c) conditioned on the receipt by Paul Royalty of the distribution set forth in (a) of this sentence, (i) title to all other Assets of Guardian and its Estate shall vest, free and clear of all Claims, Liens, encumbrances, and other interests, in the Guardian Disbursing Agent as the agent for Guardian to be distributed in accordance with the Amended Plan; provided, that Causes of Action in such Estate shall not vest in the Guardian Disbursing Agent and shall be released pursuant to Sections 5.9 and 10.2(a) of the Amended Plan, except to the extent preserved pursuant to Section 8.4 thereof. No Holder of a Claim against Guardian or any other party in interest (other than the Holder of the Paul Royalty Guardian Claims) shall have any rights to receive any part of the Initial Guardian Distribution Amount or otherwise assert a claim against Paul Royalty (or any other recipient of the Initial Guardian Distribution Amount) for the satisfaction of such Claim.

14.    Transfers Valid.  The transfers of the Estates' Assets by the Debtors to the Oscient Trust and the Guardian Disbursing Agent (i) are legal, valid, and effective transfers of Estate property, (ii) shall vest the Oscient Trust and the Guardian Disbursing Agent with good title to such Estates' Assets, free and clear of all Claims, Liens, charges, encumbrances, or interests, except as expressly provided in the Amended Plan or this Confirmation Order, (iii) shall not constitute avoidable transfers under the Bankruptcy Code or applicable nonbankruptcy law, and (iv) shall not subject the Debtors, the Oscient Trust, the Oscient Trustee, the Guardian Disbursing Agent, or any of their officers, directors, employees, owners, partners, beneficiaries, members, professionals, agents or representatives, or any of the Estates' Assets, to any liability by reason of such transfer under the Bankruptcy Code or under applicable nonbankruptcy law, including, without limitation, any laws affecting successor or transferee liability.

15.    <u>Approval of Settlements with Paul Royalty and Abbott</u>. The compromises and

settlements between the Estates, Paul Royalty, and Abbott which are embodied in the Amended

Plan at Article V, Sections 5.9 and 5.10 are hereby approved.

16.    <u>Releases</u>. The following releases are hereby approved :

*(a)    Releases by the Debtors.* For good and valuable consideration, the adequacy of
which is hereby confirmed, upon the Effective Date, each of the Debtor Releasor Parties
shall be deemed forever to release, waive, and discharge all claims, obligations, suits,
judgments, damages, demands, debts, rights, Causes of Action, and liabilities (other than
any rights to enforce the terms of the Amended Plan and the contracts, instruments,
releases, and other agreements or documents delivered in connection with the Amended
Plan), whether liquidated or unliquidated, fixed or contingent, matured or unmatured,
known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law,
equity, or otherwise that are based in whole or in part on any act, omission, transaction,
event, cause, matter, or thing taking place on or before the Effective Date against the
Debtor Release Parties, the Creditors' Committee Release Parties, the Paul Royalty
Release Parties, the Indenture Trustee Release Parties, and Abbott.

*(b)    Releases by Holders of Claims.* Upon the Effective Date, each of the Claimant
Release Parties and Abbott, in consideration for the obligations of the Debtors, the
Oscient Trust, and the Guardian Disbursing Agent under the Amended Plan and the Cash,
Oscient Trust Interests, and other contracts, instruments, releases, agreements, or
documents to be delivered in connection with the Amended Plan, shall be deemed to
forever to release, waive, and discharge all claims, obligations, suits, judgments,
damages, demands, debts, rights, causes of action, and liabilities (other than any rights to
enforce the terms of the Amended Plan and the contracts, instruments, releases, and other
agreements or documents delivered in connection with the Amended Plan), whether
liquidated or unliquidated, fixed or contingent, matured or unmatured, known or
unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity, or
otherwise that are based in whole or in part on any act, omission, transaction, event,
cause, matter, or thing taking place on or before the Effective Date in any way relating to
the Debtors, the Oscient Trust, the Chapter 11 Cases, the Amended Plan, or the
Disclosure Statement against any of the Debtor Release Parties, the Committee Release
Parties, the Paul Royalty Release Parties, the Indenture Trustee Release Parties, and
Abbott; <u>provided</u>, <u>however</u>, that nothing in Section 10.2(b) of the Amended Plan shall (a)
impair, compromise, or prejudice Abbott's rights or claims against Ethypharm or any
defenses to claims asserted against Abbott by Ethypharm nor (b) be construed or
interpreted to limit the rights of Abbott under the Court's Final Order authorizing the
ANTARA Sale.

*(c)    Releases by Paul Royalty.* Upon receipt of the Initial Guardian Distribution
Amount by Paul Royalty, each of the Paul Royalty Releasor Parties, in consideration for
the obligations of the Debtors, the Oscient Trust, and the Guardian Disbursing Agent
under the Amended Plan and the Cash, Oscient Trust Interests, and other contracts,

instruments, releases, agreements, or documents to be delivered in connection with the Amended Plan, shall be deemed forever to release, waive, and discharge all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, and liabilities (other than any rights to enforce the terms of the Amended Plan and the contracts, instruments, releases, and other agreements or documents delivered in connection with the Amended Plan), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity, or otherwise that are based in whole or in part on any act, omission, transaction, event, cause, matter, or thing taking place on or before the Effective Date in any way relating to the Debtors, the Oscient Trust, the Chapter 11 Cases, the Amended Plan, or the Disclosure Statement against any of the Debtor Release Parties, the Creditors' Committee Release Parties, the Claimant Release Parties, and Abbott. For the avoidance of doubt, and anything herein or the Amended Plan to the contrary notwithstanding, the Paul Royalty Releasor Parties are not releasing the Paul Royalty Release Parties.

17.     <u>Injunction of Claims Against Releasees</u>. Pursuant to Bankruptcy Code Section 105, as of the Effective Date, this Confirmation Order shall act as a permanent injunction against the prosecution of any claim or cause of action released, discharged or exculpated by the Amended Plan.

18.     <u>Exculpation and Limitations of Liability</u>. The exculpation, indemnification, and limitation of liability provisions set forth in Article X, Section 10.3 of the Amended Plan are hereby approved.

19.     <u>Injunction</u>. Pursuant to Bankruptcy Code Section 105 and Article X, Section 10.4 of the Amended Plan, as of the Effective Date, this Confirmation Order shall act as a permanent injunction against the following actions: (i) commencing or continuing in any manner any action or other proceeding of any kind against the Debtors or the Oscient Trust, (ii) enforcing, attaching, collecting, or recovering by any manner or means of any judgment, award, decree, or order against the Debtors or the Oscient Trust, (iii) creating, perfecting, or enforcing any encumbrance of any kind against the Debtors or the Oscient Trust, or (iv) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from the Debtors or the Oscient Trust or against the property or interests in property of the Debtors or the Oscient

Trust on account of such Claims or Equity Interests other than for defensive purposes or for purposes of setoff or recoupment in connection with a Disputed Claim; *provided, however,* that nothing contained herein shall preclude such Entities from exercising their rights pursuant to and consistent with the terms hereof and the contracts, instruments, releases, and other agreements and documents delivered under or in connection with the Amended Plan.

20.    <u>Automatic Stay</u>. All injunctions or stays provided for in these Chapter 11 cases pursuant to Sections 105 or 362 of the Bankruptcy Code shall remain in full force and effect until the Effective Date. Upon the Effective Date, such injunctions or stays shall be of no further force or effect, subject to the injunction set forth in the preceding paragraph and/or Section 1141 of the Bankruptcy Code, except that nothing herein shall bar the filing of documents or the taking of such other actions as are necessary to effectuate the transactions specifically contemplated by the Amended Plan or by this Confirmation Order.

21.    <u>Matters Relating to Implementation of the Amended Plan:    General Authorizations</u>. The approvals and authorizations specifically set forth in this Confirmation Order are nonexclusive and are not intended to limit the authority of the Debtors, the Oscient Trustee, the Guardian Disbursing Agent, or any officer thereof, to take any and all actions necessary or appropriate to implement, effectuate and consummate any and all documents or transactions contemplated by the Amended Plan or this Confirmation Order. In addition to the authority to execute, deliver, adopt or amend, as the case may be, documents, instruments, releases and other agreements specifically contemplated or granted in this Confirmation Order or the Amended Plan, the Debtors, the Oscient Trust, and the Guardian Disbursing Agent are authorized and empowered to take any and all such actions as it may determine are necessary or appropriate to implement, effectuate, and consummate any and all transactions contemplated by the Amended Plan or this Confirmation Order.

22.    <u>Exemption from Certain Transfer Taxes</u>.    Pursuant to Section 1146(a) of the Bankruptcy Code, the issuance, transfer or exchange of a security, or the making or delivery of an instrument of transfer under a plan confirmed under Section 1129 of the Bankruptcy Code, may not be taxed under any law imposing a stamp tax or similar tax.    Furthermore, any transferee of any asset, including the Oscient Trust, of the Debtors will not be subject to any stamp tax or similar tax.

23.    <u>Resolution of Claims</u>.    Except as otherwise ordered by this Court, all Claims shall be determined, resolved, or adjudicated in accordance with the terms of the Amended Plan.    The deadline for objecting to Disputed Claims shall be the later of (i) ninety (90) days after the date notice of the Effective Date is entered on the docket for these Chapter 11 cases, which deadline may be extended for sixty (60) days without further order of the Court upon the filing of a notice by the respective Disputed Claims Agent of such extension on the docket for these Chapter 11 cases or (ii) such later date as may be established on motion and for cause shown.

24.    <u>Claims Reserve – Oscient</u>.    Pursuant to Article V, Section 5.7(b) of the Amended Plan, the Oscient Trust will establish appropriate reserves for payment of Administrative Claims against Oscient, Priority Tax Claims against Oscient, Oscient Secured Claims and Oscient Other Priority Claims and distribute assets in accordance with the Amended Plan.    Further, pursuant to Article VII, Section 7.8(a) the Oscient Trust shall deposit from the Oscient Trust into the Oscient Disputed Claims Reserve the Oscient Trust Interests that would have been distributed to the Holders of Disputed Oscient Unsecured Claims under the Amended Plan had such Claims been Allowed as of the Effective Date.

25.    <u>Causes of Action</u>.    Pursuant to Article V of the Amended Plan,  the Oscient Trustee shall have the full power and authority to investigate, prosecute, compromise without further notice, hearing or approval of the Court, or otherwise resolve any and all Causes of

Action transferred to the Oscient Trust and distribute the proceeds in accordance with the Amended Plan. Any and all fees, costs and expenses incurred in respect of the prosecution of such Claims shall be payable and paid solely by the Oscient Trust. The Oscient Trustee shall be authorized to prosecute all such Causes of Action in the name of the Oscient Estate and as representative of the Oscient Estate pursuant to Section 1123 of the Bankruptcy Code, as applicable, but at the expense of and for the benefit of the Oscient Trust.

26.    <u>Rejection</u>. Except as otherwise provided in the Amended Plan, any and all of the Debtors' executory contracts and unexpired leases which (i) have not been previously assumed by the Debtors prior to the Confirmation Date, (ii) are not subject to a motion seeking such assumption as of the Confirmation Date, or (iii) are not identified on **Exhibit B** attached hereto as executory contracts or unexpired leases for which Oscient is seeking assumption as provided in the succeeding paragraph, shall be deemed to have been rejected by the Debtors and any such Claim for damages arising by reason of such rejection shall be evidenced by a proof of claim which must be filed by thirty (30) days after the Confirmation Date. Any Claims for damages arising by reason of the later rejection of any executory contracts and unexpired leases identified in subsections (ii) and (iii) of the preceding sentence shall be evidenced by a proof of claim which must be filed by thirty (30) days after notice of rejection of such contract. Any Allowed Claim for rejection damages shall be an Allowed Oscient Class 3 Claim and/or an Allowed Guardian Class 5 Claim as the case may be. Any such Claims not filed within such applicable 30-day period shall be forever barred and shall not be entitled to any distribution under the Amended Plan.

27.    <u>Assumption of Confirmation Order Contracts</u>. The executory contracts and unexpired leases identified on **Exhibit B** attached hereto (each, a "<u>Confirmation Order Contract</u>") shall be deemed to be subject to pending motions by Oscient to assume such

agreements conditioned upon payment of the cure amounts listed therein. Objections to the assumption of a Confirmation Order Contract, including to the cure amount due upon assumption, must be Filed with the Court and served on the parties identified in the Confirmation Order Notice (as defined below) within thirty (30) days of entry of this Confirmation Order. Confirmation Order Contracts for which no objection is timely filed shall be deemed assumed by the Oscient Estate thirty-one (31) days after entry of this Confirmation Order and the cure amounts due shall be deemed to be the amounts listed with respect to such contracts on **Exhibit B** attached hereto. If an objection is filed, the Oscient Trustee may, in his sole discretion, (a) if the objection is with respect to the cure amount due, assume the Confirmation Order Contract and pay the asserted cure amount without further order of this Court; (b) reach an agreement with the objecting party regarding assumption of the Confirmation Order Contract and assume the contract on such terms without further order of this Court; (c) reject the Confirmation Order Contract without further order of this Court; or (d) litigate the objection to judgment in this Court. Oscient, and upon the Effective Date, the Oscient Trustee are authorized, in their sole discretion, upon notice to the non-debtor party, to amend the list of Confirmation Order Contracts at any time to remove a Confirmation Order Contract that has not yet been assumed, in which case (i) such Confirmation Order Contract shall be deemed to be rejected pursuant to this Confirmation Order as of the later of the date of such notice or the Effective Date; and (ii) such non-debtor party shall have thirty (30) days from notice of such rejection to the non-debtor party to file any Claim for damages arising by reason of such rejection.

28.    Administrative Claims Arising Before June 21, 2010. June 21, 2010 was the deadline for filing with the Court any and all Administrative Claims against the Debtors arising on or before June 21, 2010. Any Holder of an Administrative Claim (other than (i) Administrative Claims of Oscient against Guardian and Administrative Claims of Guardian

against Oscient and (ii) Administrative Claims expressly Allowed under the Amended Plan) arising on or after the Petition Date through June 21, 2010 that failed to timely file and serve an Administrative Claim Request by June 21, 2010 shall be forever barred, estopped, and enjoined from asserting such Administrative Claim against the Debtors, the estates, or any entity formed pursuant to this Amended Plan, including the Oscient Trust, and such Administrative Claim will be deemed discharged as of the Effective Date.

29.   <u>Administrative Claims Arising After June 21, 2010</u>.   Except as otherwise provided in Section 2.3 of the Amended Plan, each Holder of an Administrative Claim (other than Administrative Claims of Oscient against Guardian and Administrative Claims of Guardian against Oscient) arising after June 21, 2010 through the Effective Date shall file with the Bankruptcy Court and serve on (i) counsel to the Debtors, K&L Gates LLP, State Street Financial Center, One Lincoln Street, Boston, Massachusetts 02111, Attn: Charles A. Dale III and Mackenzie L. Shea and Ropes & Gray, LLP, One International Place, Boston, Massachusetts 02110, Attn: James M. Wilton and James A. Wright III, with a copy to (ii) counsel to the Creditors' Committee, Mintz Levin, Cohn, Ferris, Glovsky and Popeo, P.C., One Financial Center, Boston, Massachusetts 02111, Attn: Kevin J. Walsh; (iii) counsel to Paul Royalty, Wilmer Culter Pickering Hale and Dorr LLP, 399 Park Avenue, New York, New York 10022, Attn: James Millar; (iv) the Oscient Trustee, Mesirow Financial Consulting, 265 Franklin Street, 16th Floor, Boston, Massachusetts 02110, Attn: Stephen B. Darr; and (v) the Guardian Disbursing Agent, Triax Capital Advisors, LLC, 10 Rockefeller Plaza, Suite 601, New York, New York 10020, Attn: Harry Malinowski; a request for payment of such Administrative Claim ("<u>Administrative Claim Request</u>"), so as to be actually received on or before 4:30 p.m. (prevailing Eastern time), on the date that is thirty (30) days after the Effective Date.   Any Holder of an Administrative Claim (other than Administrative Claims of Oscient against

Guardian and Administrative Claims of Guardian against Oscient) arising after June 21, 2010

through the Effective Date that fails to timely file and serve an Administrative Claim Request by

the deadline set forth herein and with the Amended Plan shall be forever barred, estopped, and

enjoined from asserting such Administrative Claim against the Debtors, the Estates, or any entity

formed pursuant to this Amended Plan, including the Oscient Trust, and such Administrative

Claim will be deemed discharged as of the Effective Date.

30.    Initial Guardian Distribution Amount.  Based on the actual Administrative Claims

filed against Guardian by June 21, 2010, and by agreement of the Debtors, the Creditors'

Committee, and Paul Royalty, the Initial Guardian Distribution Amount shall be $46,279,669.99.

The remaining Cash and other Assets in the Guardian Estate on the Effective Date shall be used

to make the payments required by the Amended Plan including without limitation the payment of

Allowed Guardian Priority Claims and Guardian Post-Effective Date Claims.  In determining the

Initial Guardian Distribution Amount, the Debtors, the Creditors' Committee, and Paul Royalty

have agreed that (i) intercompany payments and allocation of payments previously made

between the Guardian and Oscient Estates consistent with past Cash Collateral Budgets and

Orders are appropriate; (ii) the Oscient Trustee and the Guardian Disbursing Agent may resolve

intercompany claims arising after the Effective Date without further order of this Court, and (iv)

this Court shall retain exclusive jurisdiction in respect of disputes between the Oscient Trustee

and the Guardian Disbursing Agent over payment of intercompany claims. To effectuate Section 5.9 (v)(i)
of the Amended Plan, Paul Royalty shall use its reasonable best efforts to surrender to the Indenture Trustee, for cancellation,
the Second Lien Notes that Paul Royalty holds in the amount of $2,000,000, or, if the Second Lien Note is lost, comply with the Indenture

31.    Collateral Account at RBS Citizens, N.A.  Notwithstanding anything contained in

this Confirmation Order to the contrary, RBS Citizens, N.A. ("RBS Citizens") (i) shall continue

to hold the funds deposited in the Collateral Account as collateral for any and all obligations of

the Debtors (or any trustee and/or agent of the Debtors' estates under the Amended Plan, as

applicable) to RBS Citizens, including, without limitation, obligations under the Cash

Trustee's standard procedures for lost notes

Management System and with respect to any check returned for non-sufficient funds, and fees

and costs (including attorney's fees) related to the Cash Management System; (ii) shall have the

right to set off the funds held in the Collateral Account and apply same to any and all such

obligations as they occur without further notice to the Debtors (or any trustee and/or agent of the

Debtors' estates under the Amended Plan, as applicable); and (iii) reserves its rights as to all

other relief and remedies pursuant to the Order on Assented-To Motion for Relief From the

Automatic Stay With Respect to Collateral Account entered by this Court on September 11, 2009

[Doc No. 310] (the "RBS Order").   RBS Citizens shall remit the remaining funds in the

Collateral Account to the Debtors (a trustee and/or agent of the Debtors' estates under the

Amended Plan, as applicable) only after (A) the Cash Management System has been terminated,

(B) any and all obligations of the Debtors (or any trustee and/or agent of the Debtors' estates

under the Amended Plan, as applicable) to RBS Citizens have been paid in full, and (C) full and

final allowance of the secured claim of RBS Citizens as contemplated under the RBS Order.  As

used herein, the term "Collateral Account" shall mean that certain money market account

number 110956-171-4 established and maintained at RBS Citizens (together with any successor

or substitute deposit accounts including, without limitation, any such deposit account as it may

have been renumbered or re-titled) and all funds, cash, other assets and proceeds contained and

deposited therein (including, without limitation, any interest paid thereon).  As used herein, the

term "Cash Management System" shall mean that certain cash management system between the

Debtors and RBS Citizens pursuant to which the Debtors have established and continue to

maintain certain deposit accounts with RBS Citizens, and which such cash management system

may be assigned to, assumed or otherwise used by a trustee and/or agent of the Debtors' estates

under the Amended Plan.

32.   <u>Professional Fees</u>.    Each  Professional  requesting  compensation  and

reimbursement of expenses pursuant to Sections 330, 331, or 503(b) of the Bankruptcy Code for

services rendered to a Debtor in connection with these Chapter 11 cases prior to the

Confirmation Date shall file an application for allowance of final compensation and

reimbursement of expenses on or before the forty-fifth (45th) day following the Effective Date.

33.   <u>Payment of Statutory Fees</u>.   All fees payable under 28 U.S.C. § 1930 of the

United States Code, as determined by the Bankruptcy Court, shall be paid on or before the

Effective Date.   Further, the Oscient Trustee and the Guardian Disbursing Agent shall be

responsible for timely payment of quarterly fees incurred by the Estates for which they serve as

Trustee and Disbursing Agent respectively pursuant to 28 U.S.C. § 1930(a)(6) until their

respective cases are closed or dismissed.   After confirmation, the Oscient Trustee and the

Guardian Disbursing Agent shall serve the United States Trustee with a quarterly disbursement

report for each quarter (or portion thereof) that their respective cases remain open.   The quarterly

report shall be due thirty (30) days after the end of the calendar quarter.   The quarterly financial

report shall include the following: (1) a statement of all disbursements made during the course of

the quarter, by month, whether or not pursuant to the Amended Plan; (2) a summary, by class, of

amounts distributed or property transferred to each recipient under the Amended Plan, and an

explanation of the failure to make any distributions or transfers of property under the Amended

Plan, if any; (3) a description of any other factors which may materially affect the ability of the

Oscient Trustee or the Guardian Disbursing Agent to complete their respective obligations under

the Amended Plan; and (4) an estimated date when an application for final decree will be filed

with the Court (in the case of the final quarterly report, the date the decree was filed).

34.   <u>Notice of Entry of Confirmation Order</u>.   On or before the tenth (10th) Business

Day following the date of entry of this Confirmation Order, the Debtors shall serve or cause to be

served notice of entry of this Confirmation Order pursuant to Bankruptcy Rules 2002(f)(7) and

3020(c) on all creditors, registered equity holders, counterparties to executory contracts and

unexpired leases rejected pursuant the Amended Plan, counterparties to Confirmation Order

Contracts, the United States Trustee, and other parties in interest by causing a notice of entry of

the Confirmation Order in substantially the form of the attached hereto as **Exhibit C**, which form

is hereby approved (the "Confirmation Order Notice"), to be delivered to such parties by first

class mail, postage prepaid; *provided, however,* that notice need not be given or served under the

Bankruptcy Code, the Bankruptcy Rules or this Confirmation Order to any person to whom the

Debtors mailed the Confirmation Hearing Notice, but received such notice returned marked

"undeliverable as addressed," "moved-no forwarding address," "forwarding order expired," or

similar reason, unless the Debtors or Guardian City have been informed in writing by such

person of that person's new address.  The notice described herein is adequate under the particular

circumstances and no other or further notice is necessary.  On or before the tenth (10th) Business

Day following the date of entry of this Confirmation Order, the Debtors shall cause publication

of notice of entry of this Confirmation Order (the "Publication Notice") once in *The Wall Street

Journal (national edition).*  Service of the Confirmation Order Notice as provided for herein and

publication of the Publication Notice shall provide sufficient notice of all deadlines set forth in

this Confirmation Order, including, without limitation, those for filing Administrative Claim

Requests, claims for rejection damages, and objections to the assumption of Confirmation Order

Contracts and no other or further notice shall be required.

     35.    Authorization To Consummate Amended Plan.  The Court authorizes the Debtors,

the Oscient Trustee, and the Guardian Disbursing Agent to consummate the Amended Plan after

entry of this Confirmation Order.   The Debtors, the Oscient Trustee, and the Guardian

Disbursing Agent are authorized to execute, acknowledge, and deliver such deeds, assignments,

conveyances, and other assurances, documents, and instruments of transfer and to take such other actions as may be reasonably necessary to perform the terms and provisions of the Amended Plan and all other transactions contemplated by the Amended Plan, and all other agreements related thereto.

36.    <u>Failure to Consummate Amended Plan and Substantial Consummation</u>.    If the Effective Date fails to occur, then the Amended Plan shall be deemed null and void in its entirety and of no force or effect.    In such event, nothing contained in the Amended Plan shall be deemed to constitute a waiver or release of any Claim against or Equity Interest in the Debtors or any other Entity, or to prejudice in any manner any further proceedings involving (i) the Debtors, (ii) Paul Royalty, (iii) the Indenture Trustee, or (iv) the Creditors' Committee.

37.    <u>Substantial Consummation of Plan</u>.    Upon the occurrence of the Effective Date, the Amended Plan shall be deemed substantially consummated pursuant to Section 1101(2) of the Bankruptcy Code.

38.    <u>Retention of Jurisdiction</u>.    Pursuant to Article XI of the Amended Plan and Sections 105(c) and 1142 of the Bankruptcy Code and notwithstanding the entry of the Confirmation Order or the occurrence of the Effective Date, the Bankruptcy Court shall retain exclusive jurisdiction over all matters arising out of, and related to, the Amended Plan, the Confirmation Order, and these Chapter 11 cases to the fullest extent permitted by law.

39.    <u>Confirmation Hearing Findings and Conclusions</u>.    Any of the Court's subsidiary findings and conclusions dictated into the record at the Confirmation Hearing are incorporated herein by reference.

40.    <u>References to Plan Provisions</u>.    The failure to include or specifically reference any particular provision of the Amended Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Amended Plan be

confirmed in its entirety. The provisions of the Amended Plan and of this Confirmation Order shall be construed in a manner consistent with each other so as to effect the purposes of each; *provided, however,* that in the event of any inconsistency among the Amended Plan, the Disclosure Statement, the Plan Documents, any exhibit or schedule to the Amended Plan, or any other instrument or document created or executed pursuant to the Amended Plan, the provisions of the Amended Plan shall govern.

41.     <u>Filing and Recording</u>.  This Confirmation Order is and shall be binding upon and shall govern the acts of all entities including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required, by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any document or instruments.  Each and every federal, state and local government agency is hereby directed to accept any and all documents and instruments necessary, useful or appropriate to effectuate, implement and consummate the transactions contemplated by the Amended Plan and this Confirmation Order without payment of any recording tax, stamp tax, or similar tax imposed by state or local law.

42.     <u>Final Order</u>.   Notwithstanding Bankruptcy Rule 3020(e), 7062 or any other provision of the Bankruptcy Code, Bankruptcy Rules or other applicable law, this Confirmation Order shall not be subject to any stay and is immediately effective upon entry hereof.

Dated: Springfield, Massachusetts
      June **29**, 2010

 

Honorable Henry J. Boroff
United States Bankruptcy Judge