UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| OSCIENT PHARMACEUTICALS | ) |
| CORPORATION, et al., | ) Case No. 09-16576-HJB |
| | ) |
| Debtors. | ) |

**RESPONSE OF THE STATE OF MISSOURI, DEPARTMENT OF SOCIAL SERVICES, MO HEALTHNET DIVISION TO FIRST OMNIBUS OBJECTION OF STEPHEN B. DARR, AS OSCIENT TRUSTEE, TO GENERAL UNSECURED CLAIMS, INCLUDING FILED PROOFS OF CLAIM, SCHEDULED CLAIMS, AND CONTRACT REJECTION DAMAGES CLAIMS, AS BEING (I) DUPLICATIVE, (II) NOT SUPPORTED BY OSCIENT'S BOOKS AND RECORDS, (III) NOT PROPOPERLY ASSERTED AGAINST THE OSCIENT ESTATE, (IV) NOT CONTAINING SUFFICIENT DOCUMENTATION, (V) NOT TIMELY FILED, OR (VI) SUBJECT TO DISALLOWANCE <u>PURSUANT TO SECTION 502(d) OF THE BANKRUPTCY CODE</u>**

The State of Missouri, Department of Social Services, MO HealthNet Division (hereinafter, the "Division") for its Response of the State of Missouri, Department of Social Services, MO HealthNet Division to First Omnibus Objection of Stephen B. Darr, as Oscient Trustee, to General Unsecured Claims, Including Filed Proofs of Claim, Scheduled Claims, and Contract Rejection Damages Claims, as Being (I) Duplicative, (II) Not Supported by Oscient's Books and Records, (III) Not Properly Asserted Against the Oscient Estate, (IV) Not Containing Sufficient Documentation, (V) Not Timely Filed, or (VI) Subject to Disallowance Pursuant to 502(d) of the Bankruptcy Code (hereinafter, "Response" and "Objection," respectively) states as follows:

<u>Background</u>

The Division operates and administers the State of Missouri's Medicaid program, known as the MO HealthNet Program. Rev. Stat. Mo. § 208.201. Part of those operations includes the collection of drug rebates. On January 5, 2010, the Division timely filed proof of claim number

152 seeking to collect $50,668.90 in such rebates. That amount consists of $100.59 for rebates on the drug Factive and $50,568.31 for rebates on the drug Antara.

On November 30, 2010, the Oscient Trustee filed his Objection, listing the Division's claim in Exhibit B with objection code "C." Paragraph 15 of the Objection alleges in relevant part, "these claims include rebate claims for sales of ANTARA, which the Oscient Trustee believes are the sole responsibilit [sic] of the Guardian estate." The Objection asked that the amount of the Division's claim attributable to Antara rebates be disawllowed.

Insufficiency of Objection

Before addressing any merits, the Division notes that the Objection – if not on its face, then certainly as applied to the Division – is entirely inadequate and insufficient. As also discussed in the Illinois Department of Healthcare and Family Services' response to the Objection (Docket # 1048), a properly filed proof of claim, such as the Division's, constitutes *prima facie* evidence of the validity and amount of the claim. Fed. R. Bankr. Proc. 3001(f). If an objection is filed, the objecting party has the burden of providing evidence to rebut this *prima facie* case. *E.g.*, *In re Woodmere Investors Limited Partnership*, 178 B.R> 346, 354-355 (Bankr. S.D.N.Y. 1995); *In re Galloway*, 220 B.R. 236, 243 (Bankr. E.D.Pa. 1998); *In re Weidel*, 208 B.R. 848, 854 (Bankr. M.D.N.C. 1997); *In re Pan*, 209 B.R. 152, 155 (D.Mass. 1997). The Oscient Trustee's mere "belief" that these rebates are not Oscient's responsibility is obviously not a legally sufficient rebuttal of the Division's *prima facie* valid claim. The Division reasserts that Oscient is liable for the drug rebates set forth in the Division's proof of claim, and to the extent that the Oscient Trustee continues to deny such liability the Division demands strict proof thereof.

<u>Oscient is the Manufacturer of Antara</u>

Before any drug can be sold in the United States, the drug's manufacturer must submit it to the U.S. Food and Drug Administration, who in turn assigns a National Drug Code (NDC) to it and then lists it in the National Drug Code Directory (NDC Directory). *See*, 21 U.S.C. § 360(j); *see also*, U.S. Food and Drug Administration, *Drug Approvals and Databases > National Drug Code Directory*, *available at* http://www.fda.gov/Drugs/InformationOnDrugs/ucm142438.htm. An NDC is a ten digit, three segment number. The first segment, known as the labeler code, identifies the drug's manufacturer[1]. Every company authorized to sell drugs in the United States has a labeler code, and no two companies have the same labeler code. At all relevant times, up to and including the present, Oscient Pharmaceuticals has been listed in the NDC Directory[2] with labeler code 67707. At all relevant times, up to and including the present, the NDC Directory has included drugs listed under the trade name "Antara capsules," with the labeler code 67707 and the firm name Oscient Pharmaceuticals. It is thus beyond dispute that Oscient has represented and continues to represent to the U.S. Food and Drug Administration and to all users of the NDC Directory that it is the manufacturer of these Antara drugs.

Just as telling as what the NDC Directory does contain is what it does not contain, namely anything having to do with Guardian II Acquisition Corporation. The NDC Directory lists no drug manufacturer by that or any similar name. Likewise, a search of the NDC Directory

---

[1] "Manufacturer" in this context can include the repacker, relabeler or distributer if distributed under its own name. *See*, , U.S. Food and Drug Administration, *Drug Approvals and Databases > National Drug Code Directory*, *available at* http://www.fda.gov/Drugs/InformationOnDrugs/ucm142438.htm ("The first segment, the labeler code, is assigned by the FDA. A labeler is any firm that manufactures (including repackers or relabelers), or distributes (under its own name) the drug.").
[2] The National Drug Code Directory is publicly available and easily searched at http://www.accessdata.fda.gov/scripts/cder/ndc/default.cfm.

for "Antara" returns a handful of firms – including Oscient – but no listing for any drug by the name Antara sold by any company with a name resembling Guardian.

<u>Oscient Is Liable Under the Medicaid Drug Rebate Program</u>

Before a drug can become Medicaid eligible – that is, before the federal government will reimburse states for moneys spent on a drug – the drug manufacturer *must* enter into a national drug rebate agreement with the U.S. Secretary of Health and Human Services. 42 U.S.C. § 1396r-8 ("In order for payment to be available under [Medicaid], the manufacturer must have entered into and have in effect a rebate agreement . . . ."); *see also*, U.S. Department of Health and Human Services, Centers for Medicare & Medicaid Services, *Overview Medicaid Drug Rebate Program*, *available at*, http://www.cms.gov/MedicaidDrugRebateProgram/01_Overview.asp. The U.S. Department of Health and Human Services' Center for Medicare and Medicaid Services (CMS) maintains a list (called the Drug Product Data list) of manufacturers that have entered into a rebate agreement and the drugs that are covered by such agreement. *See*, U.S. Department of Health & Human Services, *Drug Product Data Medicaid Drug Rebate Program*, *available at* http://www.cms.gov/MedicaidDrugRebateProgram/09_DrugProdData.asp. Shortly after a drug is added to this list, states must begin providing Medicaid coverage for that drug. The states thus rely on CMS's list in determining what drugs it will cover. CMS, in turn, lists only those drugs for which the manufacturer has executed a drug rebate agreement. If the manufacturer has not completed such an agreement, the manufacturer's drug(s) would not be Medicaid eligible and thus would not be on the list.

At all relevant times, including the present, CMS's Drug Product Data list has included Oscient Pharmaceuticals and their drug Antara. Plainly then, Oscient has executed a national

drug rebate agreement and is obligated to pay rebates in accordance with that agreement. As with the NDC directory, the Drug Product Data list contains no reference to Guardian.

Oscient is Also Liable under It's Supplemental Rebate Agreement with Missouri

While Oscient's National Drug Rebate Agreement standing alone is sufficient to obligate Oscient to pay the rebates the Division is seeking, Oscient is equally liable pursuant to a separate contract with the Division[3]. On or about February 11, 2008, Philippe Maitre signed a document entitled "Missouri Supplemental Drug-Rebate Agreement," attached hereto as Exhibit A. It was signed in his capacity as "Senior Vice President and CFO" of "Manufacturer." Exhibit A at 12. Pursuant to 3.8 of the agreement, "Manufacturer" was a defined term meaning "the non-state party to this agreement . . . as identified in Section 1.1." Exhibit A at 3. Section 1.1 of the agreement plainly identifies "Oscient Pharmaceuticals Corporation" with "Labeler Code(s) 67707" as the Manufacturer in this contract. Exhibit A at 1. The word "Guardian" is nowhere to be found.

Section 4.1 of the supplemental contract requires Oscient to "calculate and provide the Division a CMS Rebate for the Covered Products," with "CMS rebate" referring to the rebate called for in the national drug rebate agreement described above, and "Covered Products" defined as "the pharmaceutical product(s) of the Manufacturer pursuant to [federal law]." Exhibit A at 2-4.

Finally, eliminating any doubt as to whether or not Antara is the drug at issue in these agreements, Oscient has admitted as much in Addendum A to the supplemental agreement. Signed separately by Mr. Maitre above a signature block that denotes him as Senior Vice President and CFO of Oscient Pharmaceuticals Corporation, Addendum A provides in relevant

---

[3] The signature block of the contract is in the name of the Division of Medical Services, the former name of the MO HealthNet Division. *See*, Mo. Rev. Stat. § 208.201.

part, "State and Manufacturer agree that the Manufacturer's Covered Products set forth herein . . . are the subject of this agreement . . . as set forth in the table below:" That table lists two dosages of Antara. Exhibit A at Addendum A.

## Conclusion

Oscient is liable on the Division's claim for rebates on the drug Antara. The Oscient Trustee's beliefs to the contrary are insufficient to rebut the Division's claim. Oscient has consistently held itself out as the seller of Antara, to the U.S. Food and Drug Administration, the U.S. Department of Health and Human Services, the State of Missouri and others, knowing that those entities and others would rely on such representations. Oscient is contractually obligated to pay the rebates sought pursuant to its National Drug Rebate Agreement. Oscient is further liable on the basis of the Supplemental Drug-Rebate Agreement that it entered into with the Division. At no point did the Division or any of the aforementioned governmental entities contract or agree to do business with Guardian, and thus the Oscient Trustee's assertion that the sole responsibility for these rebates lies with Guardian is baseless.

The Division states that it continues to investigate and discuss this matter with counsel for the Oscient Trustee, and as such reserves the right to amend or supplement its proof of claim or this Response as necessary.

Respectfully submitted,

CHRIS KOSTER
Attorney General

*/s/ Jeff Klusmeier*

JEFF KLUSMEIER
Assistant Attorney General
Missouri Bar No. 59601
Missouri Attorney General's Office
P.O. Box 899
Jefferson City, Missouri 65102
(573) 751-3168
(573) 751-4323 (facsimile)
Jeff.Klusmeier@ago.mo.gov
Attorney for MO HealthNet

CERTIFICATE OF SERVICE

In addition to those parties served by the Court's CM/ECF system, the undersigned served a true and complete copy of the foregoing document upon each of the parties listed below by first class mail, this 10th day of February, 2011:

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
Counsel to the Oscient Trustee
Attn: Kevin J. Walsh
One Financial Center
Boston, MA  02111

Office of the United States Trustee
Attn: Eric K. Bradford
5 Post Office Square, Suite 1000
Boston, MA  02109-3934

*/s/ Jeff Klusmeier*
Assistant Attorney General